### 8079.   HANES *v.* FARMERS AND MERCHANTS BANK.

This case being controlled by the ruling in *Sloan* v. *Farmers & Merchants Bank*, ante, 123 (92 S. E. 893), there was no error on the part of the trial judge in striking the original plea and refusing to allow the proposed amendments to it, or in directing a verdict for the plaintiff and entering up judgment thereon.

DECIDED JUNE 7, 1917.

Description is the same as that of the case next before.

JENKINS, J.   This case and the case referred to in the headnote of this decision were suits by the same plaintiff, and the defenses relied upon in each case were in substance identical. The divisions of the plea are numbered in like manner in each case. In the instant case an amendment was offered amplifying the third division of the fourth paragraph of the answer, but as the former case was treated by this court as though it had been a suit between the original parties to the note, this proffered amendment does not alter the rule announced there. Another amendment was offered, amplifying the first and second divisions of the said paragraph of the answer. Since, however, the substance of these grounds was set forth in the original plea, and this court has ruled that such does not constitute a good defense, the fact that such amplification was attempted by amendment can not alter the rule already announced. This was a suit on two separate notes for the purchase price of one tract of land, and it may be remarked that the last of the amendments offered undertakes to set forth that the defendant's "signature to *the* instrument was procured by fraud;" "that

at the time he signed *the* instrument sued on, Sandridge and Terrell read to him *a* paper which they represented to him was *the* instrument he was to sign and which he did sign was *an* application, but defendant states that the said Sandridge or Terrell did not read to him *the* note but wilfully, wantonly, and fraudulently misled the defendant into signing *a* note which they did not read and represented to him to be *an* application for this property." It would seem to have been incumbent upon the defendant to specify which of the two notes sued upon this defense applied to. Even if the rule that "the singular or plural number shall each include the other, unless expressly excluded" (Polit. Code, § 4, par. 4), can be applied to pleading, pleadings are to be construed most strongly against the pleader; and where, as in this case, each note was not only signed, but indorsed by the defendant, it would seem that the proposed amendment, alleging that the defendant thought his signature to "the note" was an application for the lot to be purchased, is altogether indefinite. The additional statement that the defendant did not have his spectacles with him, and therefore could not read at the time the notes were signed, is not sufficient, under the authorities cited in the other case, to alter the rule.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*