## McCULLOUGH *v.* KIRBY.

No. 16502. FEBRUARY 15, 1949.

744

■■■ ■

*William T. Darby* and *Jackson & Graham*, for plaintiff in error.
*Chalmers Chapman* and *John P. Rabun*, contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■■ Headnotes 1, 2, 3 and 4 require no elaboration.

■ It is settled law in this State that "a party to a contract who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as prevents him from reading." *Lewis* v. *Foy*, 189 *Ga.* 596 (6 S. E. 2d, 788). The decisions which declare this rule are too numerous for citation here. To abrogate that rule would destroy the very foundation of business intercourse, and would render written contracts solemnly executed vulnerable to attack by verbal testimony. The law regards the signature of a party to a contract as evidence of his assent to the terms of that contract, and such evidence is not subject to change as conditions change or as parties might change their minds, and is of the highest quality. The above rule is inflexible and unyielding, and any set of facts that fail in any degree to meet the requirements of that rule is insufficient. As in the present case, many cases arise where oral testimony of the complainant presents a situation surrounding the execution of the contract which would indicate that he has been wronged, but it is the duty of the courts to discover, if they can, whether such wrong or injury results from the act of the party complained against or from the negligence of the complainant. If by negligence one voluntarily remains ignorant of a fact materially affecting his interest and

subsequently loses a right or property, he should not expect a court of equity to do that for him which he refused to do for himself. The only way to maintain government by law is for the courts to apply the law and compel observance of its mandates as a condition precedent to the benefit of its protection. It may be true, as found by the jury, that the petitioner's testimony as to the circumstances surrounding the execution of this deed is to be believed in preference to that of the defendant. However, the law attaches to her signature to the deed much importance and regards it as evidence of her assent to the terms of that contract. That signature remains as an exact photograph of the act and intent of the signer until and unless it is overcome by evidence prescribed by the law (Code, § 37-202), as "clear, unequivocal and decisive as to the mistake." See also *Yablon* v. *Metropolitan Life Ins. Co.*, 200 *Ga.* 693 (38 S. E. 2d, 534).

It could hardly be said that the testimony of this complainant measures up to this requirement of the law. The grantor testified that she did not read and because of the condition of her eyes she could not read *at the time*. She makes no claim that she was illiterate and did not know how to read. Nor does she testify that her inability to read had existed for any time before she signed the deed or continued for any time after she signed it; and since her testimony must be construed strongly against her, it is construed to mean that she could read, both before and after the time she signed this deed. No emergency existed. No claim is made by her that she, for any reason, could not have postponed signing it until she could read the same. No trick or artifice was practiced by the grantee, and it is not claimed that the grantor was prevented from reading by any act of the grantee. She rests her case upon the testimony that she was unable to read at the time she accepted the opinion of the grantee as to the interest which she conveyed. She did not request any of those present to read the deed, but was content to accept the opinion of the grantee. She was able to read, according to her own testimony, a short time thereafter when she read the will devising the property to her, and thereby learned that she owned the fee in the land.

The petitioner's testimony shows that she was negligent over a number of years in failing to ascertain the interest which the

will of her father gave her in this land. In that connection she preferred to accept the statement of others rather than go to the trouble of reading the will. She is not entitled now to complain because by the deed she conveyed an interest which she did not know that she owned. *Langston* v. *Langston,* 147 *Ga.* 318 (93 S. E. 892). Significant on this point is her testimony that she intended by the deed in question to convey whatever interest she had, thinking that she owned only a life estate. By this testimony it is plain that she intended to divest herself of all right and title in the land. Her lack of knowledge as to the extent of that title is chargeable entirely to her own negligence. One might and should sympathize with her because she must lose because of her failure to observe the rule of law and equity requiring diligence upon her part. Such rule must not be suspended or nullified in order to protect her from the consequences of her own negligence. To reform this deed, which effectually accomplishes the purpose of the grantor to convey what interest she had, so as to convey a less interest as is done by the verdict here, is to destroy the true intent and purpose and substitute an intent that was born subsequently to the execution of the deed when the petitioner read the will. The law will not make a different contract for the parties. *Deck* v. *Shields,* 195 *Ga.* 697 (25 S. E. 2d, 514). Any reformation that fails to embody the intention at the time the deed was executed is beyond the power of equity. A mistake that will justify reformation must be either a mutual mistake (Code, § 37-207), or a mistake of the complaining party and fraud of the opposite party. *McDonald* v. *Mullins,* 197 *Ga.* 511 (29 S. E. 2d, 507); *Yablon* v. *Metropolitan Life Ins. Co.,* supra. If the complainant intended to convey, as she testified she intended, what interest she had, then there is no mistake, for the deed accomplishes that purpose. Since as ruled above the testimony of the petitioner is insufficient to show that she was a person unable to read because of illiteracy or that she could not have read immediately before or after she signed the deed, the rule that representations of the grantee as to the contents of a deed do not constitute fraud sufficient to authorize reformation (*Weaver* v. *Roberson,* 134 *Ga.* 149, 67 S. E. 662) is applicable and controlling. For the reasons stated, it must be held that the evidence fails to show the

essentials for reformation. It follows that the verdict is without evidence to support it, and the court erred in overruling the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur, except Wyatt and Head, JJ., who dissent.*