## WHITE *v.* RAINWATER.

No. 16590. APRIL 13, 1949.

222

*Robert R. Forrester,* for plaintiff.

*C. A. Christian* and *R. D. Smith,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Whether or not certain testimony objected to was, as contended by the petitioner, an attempt to vary the terms of the deeds, is immaterial, since it did not in fact authorize any finding that the petitioner's boundaries were otherwise than as stated in his deed. This is true for the reason that, with reference to Dr. Fleming's hedge from which the defendant's witnesses testified that they measured 75 feet south to what the defendant contends is his southern boundary, there is no testimony that the hedge did in fact coincide with such southern boundary of Dr. Fleming; and, of course, if the hedge was not on the correct boundary line, it would not furnish a starting point from which the defendant could measure off the 75 feet that he was entitled to under his deed.

The defendant did not offer any evidence to contradict the positive testimony of the surveyor that the disputed area was not covered by the defendant's deed, but, on the contrary, was included in the petitioner's deed. However, the defendant insists that the evidence shows that the disputed line was established by a subsequent agreement between him and the common grantor.

An unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed. *Williams* v. *Prather,* 188 *Ga.* 545 (1) (4 S. E. 2d, 140); *Bradley* v. *Shelton,* 189 *Ga.* 696 (4a) (7 S. E. 2d, 261); *Lockwood* v. *Daniel,* 193 *Ga.* 122 (1) (17 S. E. 2d, 542); *McGill* v. *Dowman,* 195 *Ga.* 357, 365 (2) (24 S. E. 2d, 195); *Palmer* v. *Hinson,* 201 *Ga.* 654 (1) (40 S. E. 2d, 526); *Allen* v. *Smith,* 202 *Ga.* 363 (43 S. E. 2d, 150).

In the present case, the dispute arose between the petitioner

and the defendant after the common grantor had disposed of the entire tract, and had therefore ceased to be a coterminous landowner.

The common grantor testified as a witness for the defendant that he pointed out the dividing line after the dispute arose. While the defendant testified that after purchasing the land and being placed in possession the common grantor pointed out the dividing line, still, he did not testify that this line was pointed out during the two-year period in which the common grantor retained title to the adjoining land, subsequently conveyed to the petitioner.

"The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal." *Hill* v. *Agnew*, 202 *Ga.* 759 (2) (44 S. E. 2d, 653); *Shepard* v. *Chappell*, 29 *Ga. App.* 6 (2) (113 S. E. 23). Applying this rule, it appears from the testimony of the defendant's own witness that the line was pointed out after the dispute arose and at a time when the common grantor had ceased to be a coterminous landowner. In these circumstances, the testimony of the defendant that the line was pointed out after he went into possession, without stating that the incident took place while the common grantor retained title to the adjoining tract of land, was vague and equivocal. Construing the defendant's testimony with that of his own witness, the evidence was insufficient to show the establishment of an unascertained dividing line at a time when the common grantor was a coterminous landowner.

The defendant's son, who purchased the land for his father, testified that the dividing line was pointed out to him during negotiations for such purchase.

"Where parties reduce their agreement to writing, all oral negotiations antecedent thereto are merged in the writing, and even though the writing does not express the contract actually made, the parties must stand by it until it is reformed in a proper way by a competent tribunal." *Weaver* v. *Stoner*, 114 *Ga.* 165, 167 (39 S. E. 874); *Hall* v. *Davis*, 122 *Ga.* 252 (2) (50 S. E. 106). Assuming without deciding that the son was authorized to bind the defendant by any parol agreement that might have been entered into during negotiations for the purchase of the land,

under the facts of the present case both the defendant and the common grantor were bound by the terms of the deed, which distinctly fixed the lines of the land intended to be sold; and even if it was the intention of the common grantor and the defendant's son that one of the lines should be at a different place, until the deed is corrected and reformed the parties must stand by it as it is.

It follows that the evidence demanded a finding in favor of the petitioner, and the trial court erred in rendering a judgment finding the location of the boundary line as claimed by the defendant, and in denying an injunction as sought by the petitioner.

In this view, it is unnecessary to decide whether merely pointing out what is supposed by all concerned to be an established line is sufficient to constitute the establishment by parol of an "unascertained" boundary line between coterminous proprietors. See, in this connection, Commissioner of Internal Revenue *v.* Owens, 78 Fed. 2d, 768, where it is said that the word "unascertained" is defined as meaning not certainly known or determined.

*Judgment reversed.   All the Justices concur.*