JACKSON *v.* SHAHAN, administrator, *et al.*

No. 16675.  June 15, 1949.

414

*M. G. Hicks* and *C. T. Culbert,* for plaintiff.

*Hardin & McCamy,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) While the petition in this case alleges that at the time the grantee in the deed brought it to the petitioner's home your "petitioner was ill and confined to her home. . . Your petitioner being then and there too ill to read said paper, or understand the nature thereof," the evidence set out in the statement of facts is the only evidence adduced upon the trial of the case tending to show the

physical and mental condition of the plaintiff at the time of the execution of the warranty deed sought to be set aside. An examination of this evidence will disclose that there is not one word of testimony tending to show that the plaintiff could not read, or that she was too ill to read, or, if she had read the paper presented for her signature, or had requested any of those present to read it to her, she was too ill to understand its nature and contents, and there is absolutely no evidence even tending to show that any fraud or artifice was practiced or used upon her to prevent her from reading at the time she signed the deed. In *Lewis* v. *Foy,* 189 *Ga.* 596, 598 (6 S. E. 2d, 788), it is held: "a party to a contract who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as prevents him from reading." See also *McCullough* v. *Kirby,* 204 *Ga.* 738 (51 S. E. 2d, 812) ; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892). The allegations in the petition, and the testimony in behalf of the plaintiff that the grantee in the deed made false representations as to the contents of the paper signed by the plaintiff, and that she relied upon these representations as true, are not sufficient to show such fraud as would authorize the cancellation of the deed, there being no evidence of any fiduciary or confidential relationship existing between the parties, and no sufficient excuse appearing why the complaining party did not read the deed. *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662). The trial court properly granted a nonsuit.

*Judgment affirmed. All the Justices concur.*