## 20564. DELONG *v.* COBB.

CANDLER, Justice. On July 19, 1954, Mrs. Nellie L. Cobb by warranty deed conveyed to George A. DeLong certain land in Fulton County, namely, a described lot 75 by 100 feet in size, "including when necessary the reasonable use of grantor's existing drive for egress and ingress of vehicular traffic between the property conveyed herein and Stewart Avenue." The deed after being properly executed was on the same day duly recorded in Fulton County. On May 3, 1955, DeLong, her grantee, filed an equitable suit against her, alleging that he had used the driveway mentioned in his deed for vehicular travel since the date of his purchase as his only means of ingress and egress, and that she had erected a wire fence across it at the dividing line between the land he purchased from her and her adjacent lot, which fronts on Stewart Avenue, and by such obstruction had prevented further use of it by him. The petition prayed for an injunction to prevent the defendant from thus depriving him of the right to use the driveway, which he had acquired a right to use from her unless she erects a gate for his use in reaching and departing from his lot. There was no demurrer to the petition, nor any other attack upon the sufficiency of its allegations to state a cause of action for the equitable relief sought, but by her answer the defendant admitted that she freely and voluntarily executed the deed under which the plaintiff holds his lot, including when necessary the reasonable use of the existing driveway mentioned therein, and that she had prevented his further use of it by the erection of a fence across it; but she avers that, had she known the provision in her deed vested in her grantee a right to permanently use the driveway, she would not have executed the deed. By an amendment to her answer, and by cross-action, she alleges that she intended for her deed to convey to her grantee only a right to use her driveway temporarily; that the inclusion in her deed of the words, "including when necessary the reasonable use of grantor's drive for egress and ingress of vehicular traffic between the property conveyed herein and Stewart Avenue," was a mistake of the draftsman, and that his mistake is evidenced by the indefiniteness of the words employed by him respecting the grantee's right to use her driveway. By her cross-action she prayed that the deed be reformed by excluding therefrom any reference to her driveway.

The parties and their attorneys filed in the trial court a writing, which they all signed, whereby they agreed that Honorable Jesse M. Wood, one of the Judges of the Superior Court of Fulton County, could determine without a jury all of the issues made by the pleadings upon the following stipulated facts: The defendant sold and conveyed to the plaintiff a part of the rear portion of her lot by a deed dated July 19, 1954, the descriptive averments of which are shown by a copy of the deed to him, which is attached to the stipulation as an exhibit and by reference thereto made a part of it; that the rear part of the plaintiff's lot and the rear part of the defendant's lot are adjacent; that at the time of the execution of the defendant's deed to him there were no obstructions across the driveway over the defendant's lot; and that the driveway over her lot could be used for travel by the plaintiff in approaching the rear of his lot from Stewart Avenue. Neither the plaintiff nor the defendant testified on the trial, and their stipulation was a part of the record and of full force and effect when the trial judge heard the case and made his finding of fact. The record shows that the grantor and the grantee never personally discussed with each other the terms of their trade for the property the latter purchased from the former, or the provisions to be incorporated in the deed for such property. Robert B. McCord, Jr., as a witness for the defendant, testified: He negotiated the trade between Mrs. Cobb and Mr. DeLong for the property involved, and by their consent determined and fixed the purchase price to be paid for it. He prepared the deed for it and witnessed Mrs. Cobb's execution of it. The only practical means of ingress and egress which DeLong has to the property he purchased from Mrs. Cobb is across her land from Stewart Avenue. While he was negotiating the trade between the parties there was some discussion between him and DeLong and then between him and Mrs. Cobb about the duration of time DeLong would be permitted to use the existing driveway across Mrs. Cobb's lot, which tends to show that it was to be only a temporary use thereof, but on further direct examination he testified: "I can say with all confidence, however, insofar as I knew at the time, there never was any intention of either that Mrs. Cobb was transferring the permanent use of her property to Mr. DeLong." But on cross-examination the witness testified that, when he drew the deed from Mrs.

Cobb to Mr. DeLong, he did not think it was their intention for it to vest in the grantee a permanent right to use the grantor's existing driveway as a means of ingress and egress to and from the lot he was purchasing from her, and that the witness understood the words "when necessary and reasonable," which he used in that provision of the deed respecting the driveway, to mean that the grantee should have a right to a temporary use of it and not one permanent in character. There is no testimony from either party to the deed that it did not clearly express the terms of their contract as they intended for it to be at the time it was signed by the grantor and when subsequently delivered to and accepted by the grantee. Neither party to the deed testified that it contained a mutual mistake either of fact or of law. From the stipulated facts and McCord's testimony, the trial judge found in favor of the defendant on her cross-action, and on such finding entered a decree of reformation, which deleted from the deed the entire provision conveying to the plaintiff a right to use the defendant's driveway as a means of ingress and egress to and from his lot. The plaintiff moved for a new trial on the usual general grounds only and the exception is to a judgment denying such motion. *Held*:

1. It is vitally essential to business relationships that the validity of all written contracts freely and voluntarily executed be upheld when it is possible to do so. However, a mistake in the terms of such contracts will ordinarily authorize a court of equity to grant relief, but the power of such a court to do so should always be cautiously exercised. *Lewis* v. *Foy*, 189 *Ga.* 596, 601 (6 S. E. 2d 788). Respecting such contracts, "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power shall be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake." Code § 37-202. Equity will not reform a written contract on the ground of mistake, unless the mistake is shown to be the mistake of both parties, or where there is mistake on the part of one of the contracting parties and fraud on the part of the other; and when a contract contains a mutual mistake, either of law or of fact, a court of equity will, on application by one of the parties thereto, reform the contract so as to make it express their true intention if the applicant for such relief has exercised

reasonable diligence for his own protection in making the contract or in discovering the mistake. Code §§ 37-207, 37-211; *Prince* v. *Friedman*, 202 *Ga.* 136 (42 S. E. 2d 434). "A distinction exists between reforming a contract and executing a contract in case of mistake. To authorize the former, the court shall be satisfied by the evidence that the mistake was mutual; but the court may refuse to act in the latter case, if the mistake shall be confined to the party refusing to execute." Code § 37-208. A mutual mistake is one which is reciprocal and common to both parties, each alike laboring under the same misconception in respect to the terms of the written instrument. 45 Am. Jur. 618, § 56. In Archer *v.* McClure, 166 N. C. 140 (81 S. E. 1081, Ann. Cas. 1916C, p. 180), that court said, that by the statement that the mistake must be mutual before a written instrument may be reformed by a court of equity "is not meant that both parties must agree at the hearing that the mistake was in fact made, but the evidence of the mutuality must relate to the time of the execution of the instrument and show that the parties then intended to say one thing and by mistake expressed another and different thing." So, for the defendant in this case to be entitled to the equitable relief of reformation which she sought by her cross-action, the burden rested on her to show by clear, unequivocal, and decisive evidence: (1) that, in the preparation of the deed which she seeks to reform, a mutual mistake had in fact been made by the parties thereto; and (2) that she had not been so negligent in the execution of the deed, or in discovering any mistake which appeared therein, as to estop her in equity from asking for its reformation. See *Keith* v. *Brewster*, 114 *Ga.* 176 (39 S. E. 850). These two requirements will be dealt with in the order of their statement.

(a) In *Yablon* v. *Metropolitan Life Ins. Co.*, 200 *Ga.* 693, 705 (38 S. E. 2d 534), this court unanimously said that a mistake which the draftsman makes in the preparation of a contract, while acting by the direction of only one of the contracting parties, is a unilateral mistake, and is one which will not warrant reformation. In this case there is no evidence showing or tending to show that the grantee was present when the deed sought to be reformed was prepared, and it is a reasonable and logical inference that the grantor was present at such time and gave the draftsman direction respecting its con-

tents; and this is especially true since he prepared it for her and she signed it in his presence as a subscribing witness. And if the deed she seeks to reform does not in fact express the contract, as she understood it to be at the time of its preparation and execution, it is highly significant to us that she did not take the stand as a witness in her own behalf and testify that her grantee's right to permanently use the driveway as a means of ingress and egress as conveyed by her deed was contrary to the direction she gave the draftsman respecting his preparation of the deed, or that it was contrary to any agreement or understanding she had with anyone about it. While the draftsman, as a witness for the defendant, testified to conversations which he had separately and apart with the purchaser and the seller at some unspecified time prior to the execution of the deed, which tend to show that the parties intended for the purchaser to use the seller's driveway as a means of ingress and egress only for a limited period of time, yet it is a well-settled principle of law, which needs no citation of authority, that all pertinent representations and negotiations prior to the preparation and execution of a written contract are merged therein; and where, as here, the terms of the written contract are clear and unambiguous, this court will look to it and to it alone to find the intention of the parties with respect thereto; and more especially is this rule applicable in the instant case, since there is no evidence showing or even tending to show that the purchaser undertook in any way to mislead the seller or to deceive her as to the meaning and effect of any provision incorporated in the deed which the latter seeks by this litigation to reform. This court attaches little, if any, importance to the testimony of an attorney who prepares a deed and writes in it a clear and unambiguous provision, and, after litigation arises between the grantor and the grantee respecting its meaning, testifies that he thought the provision meant something entirely different from that so clearly expressed thereby.

(b) While Code § 37-206 declares that, in all cases of mistake of fact material to the contract or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve, yet, as explanatory of this general principle, Code § 37-211 just as emphatically declares that, "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve; nor shall the ignorance of a fact, known to the opposite party, justify an interference,

if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." A casual reading by the grantor of the provision in the deed here involved would have revealed to her that her grantee's right to use the driveway over her lot for the purpose of ingress to and egress from the lot he was purchasing from her was not temporary but was permanent in character; and, with respect to this provision of the deed, there is absolutely no proof of any misplaced confidence, misrepresentation, or other fraudulent act. The evidence simply shows that Mrs. Cobb, the grantor, freely and voluntarily executed the deed containing the provision she seeks to eliminate by the equitable remedy of reformation, without making any inquiry as to the meaning and effect of it if she entertained any doubt as to such when she executed the deed. If she failed to read it, that was her own fault or negligence, since no one, as the record shows, prevented her from doing so. Respecting the amount of diligence which one is required to exercise in executing a contract before he may apply to a court of equity for relief concerning it, see *Keith* v. *Brewster*, 114 *Ga.* 176, supra; *Adler* v. *Adler Co.*, 205 *Ga.* 818 (55 S. E. 2d 139); *Lewis* v. *Foy*, 189 *Ga.* 596, supra; *Adams* v. *Perry*, 213 *Ga.* 479 (99 S. E. 2d 881), and the cases there cited.

2. Since the evidence in the instant case did not authorize a finding in favor of reformation, we hold that the trial judge erred in overruling the motion for new trial, based, as it was, on only the usual general grounds.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1959—DECIDED OCTOBER 14, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*Preston L. Holland*, for plaintiff in error.

*J. Sidney Lanier*, contra.

