### 38171. DAYTON RUBBER COMPANY v. DISMUKE.

DECIDED JUNE 22, 1960—REHEARING DENIED JULY 12, 1960.

86

*Arnall, Golden & Gregory, H. Fred Gober,* for plaintiff in error.

*A. Mims Wilkinson, Jr.,* contra.

TOWNSEND, Judge. The evidence demands a finding that the property for the value of which this action is brought was not purchased from the defendant by the plaintiff, for which reason he cannot maintain an action against this defendant for breach of warranty in failing to deliver certain items of machinery and cannot recover for storage charges which had been incurred at the defendant's order prior to delivery of the equipment to him.

John M. Hausman testified that his corporation, Akron Rubber Machinery Company, Inc., was in the business of buying and selling used machinery; that he informed Mr. Dismuke of certain machinery which the Dayton Rubber Company had for sale because he knew that Mr. Dismuke, as president and owner of D. & J. Sales & Service Co. was interested in purchasing equipment of this type; that about April 9, 1958, they went together to inspect this equipment at the plant and Dismuke agreed to purchase it provided he could borrow the money to do so; that with the aid of Hausman, D. & J. Sales & Service

Company borrowed the sum of $41,000 from Associated Discount Company the paper being endorsed by Hausman's Corporation, Akron Rubber Machinery Company and of this sum $20,000 was for the purchase price demanded by Dayton and $5,000 went to the Akron Rubber Machinery Company. Dayton Rubber Company, the owner, invoiced the property to the Akron Rubber Company on May 7, 1958. Associates Discount Company gave Akron Rubber Company its certified check, and Akron Rubber paid Dayton Rubber Company the purchase price. The plaintiff in his capacity as president of D. &. J. Sales & Service, Inc., executed to Akron Rubber & Machinery Company a conditional bill of sale to secure debt in the total sum of $67,734, reciting that D. & J. Sales & Service was the purchaser and Akron Rubber the seller of the property in question. All of these transactions took place before May 21, when the property was received by Dismuke.

T. T. Thompson, an officer of the Dayton Rubber Company, testified that he orally agreed to sell the machinery to Akron Rubber & Machinery Company on April 10, by telephone conversation for an agreed price of $20,000, that it received Akron's check in payment on May 14, and then released the machinery, which had been held in storage with Youngblood Truck Lines, for delivery to the plaintiff on the next day, as per Hausman's instructions. In the meantime, Dayton had notified Akron Rubber & Machinery Company of the storage costs and had been advised by Hausman that these would be assumed by D. &. J. Sales Company. On May 6, Dayton Rubber Company notified Dismuke regarding these costs. Thompson, who acted for Dayton Rubber Company in the matter, had no dealings whatever with Dismuke, and Dismuke admitted that on the occasion when the three men inspected the equipment Thompson refused to quote prices to him.

It is uncontested that Dismuke never had any direct dealing with Thompson or any other official of Dayton Rubber Company concerning the purchase of the machinery in question, and that no agreement was ever entered into between them. It is the plaintiff's contention, however, that Hausman was acting solely as his agent or broker in the transaction and that Haus-

man purchased the equipment as such agent and that he was, on the delivery and payment for the property, its true owner. Dismuke further testified: "On May 7th or 8th or 9th it was not my property, I hadn't paid for it. I just had an oral agreement to see if I could borrow the money; if I hadn't paid the money, it wouldn't ever have been my equipment." The plaintiff's petition, however, alleged that he entered into an oral contract of purchase on May 1, 1958. An oral contract to purchase property of the value of $20,000 is, of course, within the statute of frauds and unenforceable. The sale was consummated when Dayton Rubber Company accepted a check from Akron Rubber & Machinery Company and invoiced the property to the latter. Oral negotiations preceding a written contract are merged therein, and the parties must stand upon the contract as written. White v. Rainwater, 205 Ga. 219 (52 S. E. 2d 838). Dismuke never notified Dayton that Hausman was acting as his agent, and Hausman swore that he was not so acting. If an agency relation existed, the agent was undisclosed. Hausman did on June 12, 1958, write D. & J. Sales Company a letter stating that "we merely acted as a broker" in the transaction, and on the stand he attempted to explain the letter by saying that it was written as a favor and on the request of the plaintiff; that it was not true, that he did not know what the plaintiff wanted it for at the time, and that he did it as an accommodation. This evidence was admissible, along with the letter, for purposes of impeachment but not to prove the agency, for an agency can never be proved by the declaration of the alleged agent, whether spoken or written. Horton v. Tway, 43 Ga. App. 164 (1) (158 S. E. 365).

The testimony of the plaintiff, which is the only testimony in the record in favor of the proposition that he as an individual purchased the property directly from the defendant, is not sufficient to make a jury issue on this question. Although he sued under an alleged oral agreement of May 1, he admitted that as late as May 9, he had no title to the property. On the same day that the money to pay the purchase price was borrowed, D. & J. Sales Company, by the plaintiff as president, executed a conditional-sale contract reciting that this corpora-

tion was purchasing the property from Akron Rubber & Machinery Company. A plaintiff who testifies equivocally in his own behalf is not entitled to recover where that part of the testimony least favorable to him shows he is not so entitled. *Horne v. Peacock*, 122 Ga. 45 (2) (49 S. E. 722). A plaintiff must recover on the contract alleged, and he cannot recover on another and different contract. *Williams v. Eldridge*, 53 Ga. App. 445 (186 S. E. 217). This plaintiff sued in his individual capacity on an alleged oral contract which was unenforceable in its executory state. That contract was never executed, since all of the evidence demands a finding that Dayton Rubber Company sold, not to the plaintiff but to the Akron Company, and the Akron Company sold, not to the plaintiff, but to the D. & J. Sales Company. The proof of this transaction lay among other things in a document executed by the plaintiff himself in his official capacity, which document was not alleged to be invalid for any reason. Where a plaintiff shows no title to the property alleged to have been damaged, a verdict in his favor is contrary to the evidence. *City of Rome v. Shropshire*, 112 Ga. 93 (3) (37 S. E. 168). Whatever the plaintiff's rights might have been in a court of equity, he had no legal title on which to base this action. *Code Ann.* § 3-108. Nor was any right of action alleged against the defendant, who was the remote and not the immediate vendor.

The trial court erred in denying the defendant's motion for a judgment notwithstanding the verdict.

*Judgment reversed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*