ARGUED SEPTEMBER 14, 1970—DECIDED OCTOBER 8, 1970.

*Carl Fredericks, Raymond Alhadeff,* for appellant.

*Ingram, Flournoy & Downey,* William E. Otwell, Sr., *pro se,* for appellee.

### 25978. LONG et al. v. WALLS et al.

738

*Mitchell & Mitchell, Coy H. Temples,* for appellants.

*Walter Bolling,* for appellees.

Grice, Justice. This appeal is from the denial of a motion for judgment nothwithstanding a mistrial in an ejectment action.

Harold Long and Buell Long filed their complaint in statutory form in the Superior Court of Murray County against Ed Walls. It alleged, insofar as necessary to recite here, that they claimed title to a tract of land approximately 30 feet wide fronting on a public road and running back westerly 154 feet; that they acquired this tract from Buford H. Jones and Roy Jones by deed in 1961; that Walls is in possession of it; that he receives stated rents and profit therefrom; and, that he denies possession to the plaintiffs.

To this complaint Walls filed an answer denying all of its allegations.

Walls also instituted a cross and third-party complaint, naming as defendants Buford Jones, Ralph Jones, Maxine Dill, Oliver Dill and J. C. Wright.

The complaint of Walls alleged in essential part as follows: that the Longs had filed against him the complaint first referred to above; that he had answered it; that Buford Jones and his brother, Roy Jones, now deceased, in 1956 gave Maxine Dill and Oliver Dill the real estate shown on an attached plat, Exhibit "C", but that by mutual mistake between them conveyed a much smaller tract as shown on an attached plat, as Exhibit "D"; that in February, 1966, the Dills sold to Wright the real estate shown on Exhibit "C", and he went into possession thereof, but by mutual mistake between them conveyed only the real estate shown on Exhibit "D"; that in 1967, Wright sold to Walls the real estate shown on Exhibit "C," but by mutual mistake between them conveyed only the real estate shown on Exhibit "D."

The complaint of Walls also averred that the consideration for the real estate shown on Exhibit "C" and the transactions aforesaid was adequate; that Ralph Jones has succeeded to all of the estate in said real property of the deceased Roy Jones;

that the real estate shown on Exhibit "D" is much less valuable than that shown on Exhibit "C" and is not worth the money paid therefor by Wright and Walls because its south line cuts off about one-half of the driveway, the carport, the utility room and all of the south yard to his home; that the west line, as shown on Exhibit "D" would sever certain described installations, thereby denying him the use of named facilities of his home and the larger portion of his back yard which contains several improvements, all as shown on Exhibits "C" and "D."

The complaint of Walls also asserted that the Longs have no deed, title, or color of title to and have never been in possession of the real estate shown on Exhibit "C"; that Walls has requested that Buford Jones and Ralph Jones execute a deed of correction for the balance of the land shown on Exhibit "C," but that they have refused; that they have sought to swindle Walls out of the real estate for which he paid by later executing a deed to the Longs, attempting to describe the land which by mutual mistake was omitted from that shown on Exhibit "D."

The complaint of Walls also recited that he has no adequate remedy at law and will suffer irreparable damages if the Longs are allowed to evict him.

The complaint of Walls prayed, in essential part, that Walls be granted a decree against all defendants placing him in title to the entire land shown on Exhibit "C," a permanent injunction prohibiting the defendants from trespassing on or ejecting him from the property, and cancellation of the 1966 deed from the Joneses to the Longs.

To the aforesaid complaint of Walls, the third-party defendants, Buford Jones, Ralph Jones, Maxine Dill and Oliver Dill, filed an answer which admitted certain factual allegations of the complaint and that Walls had requested a deed to the real estate shown on Exhibit "C." However, these defendants denied that there had been any need for a deed of correction, and denied that any consideration had been paid for the property shown on Exhibit "C."

These defendants also averred in their answer that there had been no mutual mistake as to the property conveyed either to Walls or anyone in his title; that the property intended to be

conveyed and actually conveyed was that shown on Exhibit "D"; that Walls had actual knowledge of the property line between the Longs and him when he purchased the property; that Walls knew that said line as described in his deed and shown on Exhibit "D" actually intersected the carport; and, that he nevertheless purchased the property as shown in Exhibit "D."

The Longs, plaintiffs in the suit, amended their complaint by alleging that since the action was filed the defendant Walls had taken possession of property to the west of that described in his deed, title to which is in the plaintiffs, in accordance with their deed of October, 1966, copy attached; and that he refuses to relinquish possession of it to them.

At the conclusion of the evidence upon the trial, both sides made motions for directed verdict, which were denied.

The jury was unable to reach a verdict and the trial court declared a mistrial.

Thereafter, the original plaintiffs Harold Long and Buell Long and third-party defendants Buford Jones, Ralph Jones, Maxine Dill and Oliver Dill made a motion for judgment notwithstanding the mistrial. This motion averred, in substance, that the title to the property in dispute was in the plaintiffs Buell Long and Harold Long; that there was no mutual mistake as to the description of the property conveyed at any time between any of the parties; that the defendant Walls had actual knowledge of the location of the land lines prior to taking an option on said property and prior to purchasing it, but nevertheless with full knowledge of all facts, took a deed describing the smaller tract. The motion urged that there was no ground for reformation of the deed and that the evidence demanded a verdict in favor of the Longs, the Joneses and the Dills.

The trial court denied this motion. It certified the judgment for immediate review.

The trial court was correct, as we appraise the evidence.

In considering the sufficiency of the evidence to warrant the grant of a motion for judgment notwithstanding a mistrial, the same test obtains as that for a directed verdict, to wit, "If

there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Code Ann.* § 81A-150 (a).

Measured by this standard a verdict in favor of the movants was not demanded.

There was evidence from which the jury could have found that there was a mutual mistake of fact as to what property was intended to be conveyed by the deed to Walls from Wright, and other deeds in the chain of title back to the Joneses. There was also testimony from which it can be inferred that the Joneses acknowledged a mistake in such deeds. They assured Walls that he had nothing to worry about and that they would "make up" the "shortage" in the property. There were statements by those in the chain of title indicating that they thought that the property consisted not of the smaller, but the larger tract.

The Longs, Joneses and the Dills contend that negligence on the part of Walls in not taking certain precautionary steps prevents reformation. We cannot agree. Here, it is significant that reformation was sought for what Walls contends was mutual mistake of the parties.

What was said in *Sheldon v. Hargrose,* 213 Ga. 672, 674 (100 SE2d 898), is applicable here. There, the plaintiff did not read the deed. However, this court said: "Although equity will not reform a written contract because of mistake as to the contents of the writing on the part of the *complaining party,* who is able to read but fails to do so, when no sufficient excuse appears as to why such party did not read the contract [citation], such principle has not been extended to cases in which it is sought to reform written instruments on the ground of *mutual mistake* of fact. 'In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it to conform thereto.' [citation]. In such cases, it is immaterial from what cause the defective execution of the intent of the parties originated [citation]. Nor will the *negligence* of the party complaining defeat his right to reformation,

if the other party has not been prejudiced thereby. *Code § 37-212.*" (Emphasis supplied.) See also *Green v. Johnson,* 153 Ga. 738, 749 (113 SE 402); *Cain v. Varnadore,* 171 Ga. 497 (1) (156 SE 216).

Anything to the contrary in *DeLong v. Cobb,* 215 Ga. 500 (111 SE2d 89) must yield to the above prior full bench decisions.

Here, the jury would have been authorized to find lack of such prejudice to the other parties.

For the foregoing reasons, there was evidence from which the jury could have found in favor of Walls' cross and third-party complaint for reformation so as to fix the boundaries in question as he contended. The evidence as to boundaries was also sufficient for the jury to find against the plaintiff's original ejectment action brought against Walls.

Thus, the trial court properly held that the case was for jury determination, and therefore the judgment is

*Affirmed. All the Justices concur.*