## 34887. COX v. SMITH.

MARSHALL, Justice.

This is an action by the appellant purchaser of realty against the appellee seller, for reformation of the purchase money note and temporary injunction of the right of foreclosure.

The sales contract was prepared by the appellant's attorney, and executed by the parties on May 27, 1974, with the attorney witnessing it as a notary public. The sale was of two tracts, designated as the "Smith tract" and "Tract 1." As to the Smith tract, the agreed purchase price was $85,000, to be paid $1,000 per month for the first 18 months and the $67,000 balance to be paid monthly in 480 equal installments of principal plus 8% per year interest. The appellee seller also agreed not to encumber the property between the dates of the agreement and the closing (March 15, 1975). As to Tract 1, the appellant purchaser was given an option to purchase it (less one acre reserved to the seller) at a purchase price of $11,500 plus interest. The appellee had to make payments on an indebtedness to the Bank of Cumming on the property during the term of the option. The only conditions precedent to exercising the option were payment of $18,000 down and completion of the sale on the Smith tract. The total contract purchase price of both tracts was $96,500. There was no anti-merger clause providing that the terms of the sales contract would survive the closing.

Despite the appellee's promise not to further encumber the property prior to closing, a fi. fa. in the amount of $12,500 issued against the appellee, who had incurred an indebtedness of about $5,700, which constituted a lien on the property in question. This lien apparently arose out of a floor financing arrangement

which the appellee had with the Bank of Cumming. Although the further encumbrances totaling $18,200 would have constituted a breach, the appellant proceeded with the closing.

The appellant's evidence showed that, up until the closing date, he had made payments by check in the amount of $18,000. At some time prior to closing, both parties agreed to reduce the total purchase price by $500 due to a discrepancy in the acreage, discovered in a survey.

Because the closing could not proceed until the $18,200 in encumbrances incurred by the appellee contrary to the sales contract were cleared, the appellant agreed to pay off that indebtedness, and did so by issuing a check payable jointly to the appellee and the Bank of Cumming, dated the date of the closing, March 15, 1975. Much of the controversy as to the true intent of the parties at the time of the closing centers on what concessions each party made in order that the deal not fall through, and it is at this point that the parties modified their original agreement, as evidenced by the settlement statement; the $18,200 check; a purchase money security deed from the appellant to the appellee, covering both tracts; and a purchase money note in the amount of $58,800 from the appellant to the appellee.

The closing statement signed by both parties and the appellant's attorney shows the following credits to the purchaser:

| | |
|---|---|
| Purchase money notes executed by purchaser to seller: | $58,800 |
| Advance payments made by purchaser to seller: | 18,000 |
| Pay-off (additional encumbrances by the seller of the fi. fa. and lien to the Bank of Cumming); | 18,200 |
| Total credits to purchaser: | $95,000 |

The recorded security deed, dated March 15, 1975, specifies that the conveyance is made to secure a debt of $58,800, and is evidenced by a note of the same date and amount due 40 years from date bearing interest at 8% per annum from date. The note referred to recites that it is for the principal sum of $58,800 with interest "from date" at

the rate of 8% per year payable in monthly installments of $408.86 beginning "on the 1st day of May, 1978, and continuing until said principal sum and interest have been fully paid."

The appellant contends that the note does not reflect the true agreement of the parties; and that by mistake the note provided that interest ran "from date," rather than from May 1, 1978, after the passage of three years. He further contends that when the fi. fa. and lien were discovered prior to the closing, in order to proceed with the closing, the Bank of Cumming agreed to pay off the fi. fa. together with the balance which the seller owed on the property by the purchaser's executing a security deed to the bank for $18,200 to be paid in three years, but bearing interest at 9% instead of 8%. According to the appellant's attorney, "At closing, the extra 1% interest as well as the accelerated amount of payments monthly were discussed and it was agreed between the parties that since the first three years would be to the Bank of Cumming at the higher rate of interest that the 1% interest difference would be discussed on full payment of the $18,200. Everyone at closing knew that [the seller] would not receive any monies until May 1, 1978, when the first security deed was paid as he was getting $18,200 of his debts paid off at once."

The trial court, after hearing the evidence, entered an order denying the relief sought, from which the plaintiff purchaser appeals. *Held:*

1. The issue presented is, whether the appellee seller agreed that interest on the $58,800 purchase money note would begin to run from May 1, 1978, in exchange for the appellant purchaser's payment of $18,200 at the time of closing to pay off the encumbrances so that the closing could proceed.

As was noted by the trial court, to authorize reformation of an instrument, the burden of proof is on the plaintiff to show by clear, unequivocal and decisive evidence that both seller and purchaser made a mutual mistake in preparation of the instrument and that the plaintiff was not so negligent in executing the instrument or in discovering any mistake appearing therein as to be estopped to ask for reformation. A "mutual mistake" in an

action for reformation means one in which both parties had agreed on the terms of the contract, but by mistake of the scrivener the true terms of the agreement were not set forth. See generally *Delong v. Cobb,* 215 Ga. 500 (1) (111 SE2d 89) (1959) and cits. As is argued in the appellee's brief, counsel for the appellant prepared the documents in question, and both the appellant and counsel for the appellant could have with reasonable diligence discovered that the note in question bore interest from the date of its execution. The failure to exercise such diligence is negligence, and precludes reformation, since the appellee has been prejudiced by that negligence. Code § 37-212; *Long v. Walls,* 226 Ga. 737, 741 (177 SE2d 373) (1970).

Although the evidence was conflicting, it authorized the denial of reformation of the note. As far as the evidence shows, the note was drafted at the direction of only one of the contracting parties, the purchaser, and therefore if it was a mistake, it was a unilateral mistake, which will not warrant reformation. *Delong v. Cobb,* supra, (1a) and cit. Under the plain and unambiguous wording of the note, interest was to run "from date." Once the agreement was reduced to writing, all oral negotiations antecedent thereto were merged in the writing, which was binding on the parties thereafter, even if the writing did not express the contract actually made. *White v. Rainwater,* 205 Ga. 219, 224 (52 SE2d 838) (1949) and cits. "It is settled law in this State that 'a party to a contract who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as prevents him from reading.' *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788)." *McCullough v. Kirby,* 204 Ga. 738, 744 (51 SE2d 812) (1949); *Beckwith v. Peterson,* 227 Ga. 403, 404 (181 SE2d 51) (1971) and cits. The fact that the appellee seller did not make an earlier attempt to collect the interest owing under the contract, does not estop him from doing so within the applicable period of limitation. The appellant's failure to discover the alleged mistake could be found to be negligence which precludes reformation, since the appellee has been prejudiced thereby by not receiving interest for some three years on the note.

2. The issue of the denial of the temporary injunction is rendered moot by our affirmance of the judgment denying reformation.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only and Hill, J., who concurs specially.*

SUBMITTED MAY 4, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Jane Kent Plaginos,* for appellant.
*Richard S. Gault,* for appellee.
B. W. "Tex" Smith, *pro se.*

HILL, Justice, concurring specially.

I concur in the judgment only. *White v. Rainwater,* 205 Ga. 219 (52 SE2d 838); Code Ann. § 38-510.