**FILED**

**June 2, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 23-558 – *State of West Virginia v. Brendan W.*

WOOTON, Justice, concurring, in part, and dissenting, in part:

I concur in the majority's holdings, and in the underlying reasoning, that Count Four of the indictment charged the petitioner with a violation of West Virginia Code section 61-8B-7(a)(1) and was insufficient to charge him with a violation of West Virginia Code section 61-8B-7(a)(3); that the jury instruction on West Virginia Code 61-8B-7(a)(3) amounted to an improper amendment of the indictment; and that the petitioner's conviction on Count Four must therefore be reversed.

I further concur in the majority's holding that the therapist's notes were relevant,[1] and that relevance was the only objection to admission of the notes which was preserved both below and on appeal. I write separately, however, to express my view that admission of the therapist's notes was so fundamentally unfair, and so prejudicial to the petitioner's right to a fair trial, that the majority should not have merely brushed off the issue with the terse observation that it was "improperly conflated[d] . . . with relevance." In my view, this Court should have reviewed the matter pursuant to our well-recognized ability to """"sua sponte, in the interest of justice, notice plain error." Syl. Pt. 1, in part, *State*

---

[1] As this Court has noted, the test for determining relevance is whether it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *See* W. Va. R. Evid. 401. This is not a high bar.

1

*v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998).' Syl. Pt. 1, *Cartwright v. McComas*, 223 W. Va. 161, 672 S.E.2d 297 (2008)." Syl. Pt. 4, in part, *Kent v. Sullivan*, 249 W. Va. 747, 901 S.E.2d 500, 501 (2024).

This Court has held that "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Murray*, 220 W. Va. 735, 649 S.E.2d 509 (2007). Further,

> In determining whether the assigned plain error affected the 'substantial rights' of a defendant, the defendant need not establish that in a trial without the error a reasonable jury would have acquitted; rather, the defendant need only demonstrate the jury verdict in his or her case was actually affected by the assigned but unobjected to error.

Syl. Pt. 3, *State v. Marple,* 197 W. Va. 47, 475 S.E.2d 47 (1996). Utilizing these standards to guide my review of the facts and circumstances presented in this case, I believe that admission of the notes was plain error that affected the petitioner's substantial rights, and that trial by ambush–which was what occurred here–seriously affected the fairness of the trial by allowing the State to bring in evidence for which the petitioner's counsel would not have been prepared. *See infra*. Accordingly, I would reverse not only the petitioner's conviction on Count Four but also his conviction on Count Two, which charged sexual abuse by a parent, guardian, custodian, or person in a position of trust with a child.

2

The gravamen of the petitioner's claim of prejudice is that he was unfairly surprised by admission of the treatment notes of a witness who, by virtue of the circuit court's earlier ruling, was not permitted to testify as an expert. The notes provided information that was clearly within the purview of an expert, not a lay witness: that the victim was in therapy because she had suffered childhood sexual abuse, and that as a result she had posttraumatic stress disorder and trauma-related symptoms that required therapy for her and education for her biological father on coping with these issues. Additionally, the prosecutor was permitted to question the witness as to "whether, in your experience in working with child victims is it usual or unusual for a child to maintain a relationship with the perpetrator[,] to which the witness responded that "[i]t's not unusual." Again, this opinion was clearly within the purview of an expert, not a lay witness.

As every trial lawyer can attest, preparing for cross-examination of an expert witness is significantly different from preparing for cross-examination of a lay witness. It requires meticulous research and planning. In this case, defense counsel had every reason to believe he did not have to do such preparation because the circuit court had ruled that the therapist could not testify as an expert witness. By introducing the therapist's treatment notes at trial, however, the prosecutor managed to circumvent the court's ruling by coming in through the proverbial back door and catching defense counsel unprepared. Admission

of the treatment notes was an unfair surprise which affected the fairness of the proceeding and denied the petitioner due process of law.[2]

An assignment of error involving a claim of unfair surprise most commonly arises in civil cases, wherein a petitioner alleges that he or she was "flying blind" at trial as the result of an underlying violation of the discovery rules. *See, e.g.*, *Graham v. Wallace*, 214 W. Va. 178, 588 S.E.2d 167 (2003), where this Court explained that

> [t]he discovery process is the manner in which each party in a dispute learns what evidence the opposing party is planning to present at trial. Each party has a duty to disclose its evidence upon proper inquiry. The discovery rules are based on the belief that each party is more likely to get a fair hearing when it knows beforehand what evidence the other party will present at trial. This allows for each party to respond to the other party's evidence, and it provides the jury with the best opportunity to hear and evaluate all of the relevant evidence, thus increasing the chances of a fair verdict.

214 W. Va. at 184-85, 588 S.E.2d at 173-74. Although discovery in criminal cases is more limited than in civil cases, the reasoning set forth in *Graham* extends to disclosure requirements in the West Virginia Rules of Criminal Procedure as well. *See State v. Rollins*,

---

[2] *See* W. Va. Const. art. III, § 10. The State contends that there was no unfairness because it had turned over the therapist's notes to defense counsel at an earlier time. Nonetheless, once the circuit court had ruled that the therapist could not testify as an expert witness, counsel would reasonably have expected that he would not have to cross examine her about the substance of those notes.

233 W. Va. 715, 740, 760 S.E.2d 529, 554 (2014) ("Upon request of the defendant, the state shall disclose to the defendant a written summary of testimony the state intends to use under Rule 702, 703, or 705 of the Rules of Evidence during its case in chief at trial. The summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications."); *State v. Mayle*, No. 13-0437, 2014 WL 2782126, at *3 (W. Va. June 19, 2014) (memorandum opinion) (rejecting petitioner's claim of unfair surprise because "all of the documents that the State offered into evidence were disclosed to petitioner in pre-trial discovery.").

In this case, the circuit court initially enforced the discovery rules contained in the West Virginia Rules of Criminal Procedure against both parties, prohibiting the State from calling the therapist as an expert witness because of its failure to follow the requirements of Rule 16(1)(E)[3] and prohibiting the petitioner from calling his wife as an alibi witness because of his failure to follow the requirements of Rule 12.1(a).[4] However,

---

[3] Rule 16(1)(E) provides that

> [u]pon request of the defendant, the state shall disclose to the defendant a written summary of testimony the state intends to use under Rule 702, 703, or 705 of the Rules of Evidence during its case in chief at trial. The summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

[4] Rule 12.1(a) provides that

while the therapist was testifying at trial, ostensibly as a lay witness, the prosecutor sought to evade the court's earlier ruling by moving the admission of her therapy notes – and the court let her do it.

The practical effect of the court's action was that only one party in this case, the petitioner, was held accountable for his failure to follow the rules of pre-trial discovery, while the other party, the State, was allowed to skate. The petitioner was unfairly surprised by admission of the information that was contained in the therapist's notes–information that clearly indicated to the jury that the therapist was an expert witness, not a lay witness– and the scales of justice were thus tipped.

This Court has held that "one of the purposes of the discovery process under our Rules of Civil Procedure is to eliminate surprise. Trial by ambush is not contemplated by the Rules of Civil Procedure." *McDougal v. McCammon,* 193 W.Va. 229, 236–37, 455

> [u]pon written demand of the attorney for the state . . . the defendant shall serve within 10 days, or at such different time as the court may direct, upon the attorney for the state a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

Although the petitioner had listed his wife as a witness, he had failed to specifically list her as an alibi witness in his Notice of Alibi.

6

S.E.2d 788, 795–96 (1995). The same observation holds true for the Rules of Criminal Procedure. In this case, where the rules were rigorously enforced against the petitioner but evaded by the State, the petitioner was unfairly surprised and his defense suffered a mortal blow from which he could not recover.

For all of these reasons, I concur in the majority's reversal of the petitioner's conviction on Count Four of the indictment but dissent from the majority's affirmance of the petitioner's conviction on Count Two.