**FEDERATED MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**H & S INDUSTRIES, INC., et al., Defendants-Appellees.**

No. 74-2255

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1974.

Rehearing Denied Oct. 9, 1974.

Frank M. Gleason, Rossville, Ga., for plaintiff-appellant.

H. E. Kinney, Dalton, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

The only question that this Georgia diversity case presents is whether, under the terms of an automobile liability insurance policy, appellant insured appellee's leased tractor-trailer rig on March

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

2, 1972 when it collided with Mrs. Bessie Cantrell's 1968 Dodge automobile near Rome, Georgia. Appellant denied coverage, and sought a declaratory judgment of nonliability. The district court found that the automatic coverage provisions of the policy applied. We reverse and remand to the district court for further findings of fact.

Section IV(a)(4) of the Appellant's policy No. 801894 provides for automatic coverage of a vehicle newly acquired by the appellee " . . . if (i) it replaces an automobile owned by either [the named insured or his spouse] and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery. . . ." The clause also requires the insured or spouse to give notice of the acquisition within 30 days of the vehicle's delivery. On this appeal the appellant does not contest the adequacy of the notice given, and the appellee does not contend that the vehicle involved in the Cantrell collision replaced a scheduled vehicle. The determinative question then becomes whether the appellant insured " . . . all automobiles owned by the named insured and such spouse on the date of its [the newly acquired vehicle's] delivery. . . ." The appellant contends it did not since the appellee, a lessee of all vehicles used in its trucking business, did not "own" any vehicles insured under the policy.

■ The parties to this appeal have not cited any controlling Georgia authority on this point, nor have we found any. However, general contract law controls the decision in these matters. The same rules of construction apply to insurance contracts as to other contracts. Clay v. Phoenix Ins. Co., 97 Ga. 44, 53, 25 S.E. 417, 420 (1895), Parris & Son, Inc. v. Campbell, 128 Ga.App. 165, 196 S.E.2d 334 (1973). Therefore we look first to the agreement itself since the parties are free to make their own contracts within the legal limits. West View Corp. v. Alston, 208 Ga. 122, 65 S.E.2d 406 (1951); McCullough v. Kirby, 204 Ga. 738, 51 S.E.2d 812 (1949). The policy itself does not define "ownership." However the schedule of vehicles originally insured shows appellee as "owner" of all vehicles listed. Item 7 of the policy reads: "Unless otherwise stated herein: (a) Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of the automobile . . . ." There is no contrary statement in the policy. Thus for purposes of the policy, the appellant considered the appellee the owner of the vehicles despite the lease agreement between appellee and his lessor.

Finding that the vehicle involved in the accident was an "owned" vehicle as the parties used that term in the insurance contract does not end our inquiry. Section IV(a)(4) of the policy still provides automatic coverage only if the company insured all automobiles "owned" by the appellee on the date of delivery of the vehicle involved in the collision. The record on this point is unclear. Therefore we remand the case to the district court for a determination of that question, and for further proceedings not inconsistent with this opinion.