### WIMBERLY *v.* ROSS *et al.*

HILL, J. 1. The petition is not multifarious. *Brown* v. *Wilcox,* 147 *Ga.* 546 (3) (94 S. E. 993); *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150 (108 S. E. 609).

2. The parties plaintiff, as heirs at law of Eleanor J. Sabra could maintain the suit under the allegations contained in the petition as amended. *Allen* v. *Hurst,* 120 *Ga.* 763 (48 S. E. 341); Civil Code (1910), §§ 3929, 3933.

3. The petition set forth a cause of action for the cancellation of the deed from Sara Ann Ross to the defendant, Laura R. Wimberly.

4. Properly construed, there was no inconsistency between the prayers of the original petition and of the amendment.

5. Equity, having taken jurisdiction of the case for one purpose, will retain it for all purposes as made by the petition.

6. The judge did not err in overruling the demurrers, both general and special, to the petition as amended.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2427. NOVEMBER 17, 1921.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. January 8, 1921.

Sara Ann Ross and Dixie V. Sabra Johnson, individually and as guardian for her two minor children, William Sabra and James Sabra, brought a petition against Laura R. Wimberly, for the cancellation of a certain deed, for injunction, and for other relief. The petition alleged in substance the following: Plaintiffs and defendant are the only heirs at law of Eleanor J. Sabra, who died intestate in 1919, and there has been no administration on her estate; she left no debts against her estate, except a balance of about $150 on a security deed to a certain house and lot (the property in controversy) in favor of Mrs. Wing, which indebtedness, as plaintiffs are informed and believe, has been paid off from money derived from policies of insurance due to the estate of Eleanor J. Sabra. Sara Ann Ross and Laura R. Wimberly are sisters of the deceased; and Dixie V. Sabra Johnson is the widow, and William and James Sabra are the children, of James Sabra, deceased, who was the brother of Eleanor J. Sabra. Eleanor J. Sabra died seized of a certain tract of land described in the petition, and the defendant is claiming exclusive ownership of the house and lot, and is basing such claim on a quitclaim deed alleged to have been executed by Sara Ann Ross to the defendant in June, 1919, a copy of which is attached to the petition. Sara Ann Ross charges that the quitclaim deed was fraudulently obtained by the defendant, was not authorized by plaintiff, and is a forgery. Sara Ann Ross alleges that the only instrument which she signed in the presence of James C. Estes, whose name is signed to the quitclaim deed as attesting witness, was signed in June, 1919, when she went to the office of Estes, defendant's attorney, at the special instance and request of defendant, who urged plaintiff to go there, saying she wanted her to sign a paper which her lawyer had prepared, authorizing the cancellation of the mortgage deed given by Eleanor J. Sabra to Mrs. Wing; and plaintiff Ross, not having her glasses and not being able to read without them, and placing full confidence and faith in the honesty and integrity of her sister, did sign a paper which she was told by the defendant was only an order for the cancellation of the mortgage deed aforesaid. The instrument was not read over, nor its contents explained to her at the time she signed it, but she signed it apparently in blank, solely upon the representations previously made to her by her sister, the defendant, on whose honesty and

integrity she placed implicit confidence. Defendant was fully aware that she was deceiving plaintiff in obtaining her signature to the alleged quitclaim deed, and she did it for the purpose of getting an unconscionable advantage over the plaintiff. The quit-claim deed was without any consideration. Plaintiffs pray that the quitclaim deed be ordered to be delivered up and canceled; that plaintiffs be decreed to be tenants in common of the realty in controversy with the defendant; and that the interest of each be declared. By an amendment to the petition the plaintiffs allege that at her death Eleanor J. Sabra was seized and possessed in her own right of the property described in the original petition, upon which she had created a lien by deed to secure a debt, with power of sale, in favor of Mrs. Laura Baker Wing, upon which at the time of her death there was a balance due of about $150. The deceased also left as a part of her estate a certain policy of insurance for the sum of $200 or more, and also benefits in various societies, sufficient to defray all expenses of her last illness and burial. Defendant Laura R. Wimberly, acting in her own wrong as administratrix, upon the death of Eleanor J. Sabra seized and entered upon the whole estate of the deceased, procured from Sara Ann Ross the deed by fraud, as set out in the original petition, and also collected the money on all of the policies of insurance, amounting to several hundred dollars, and with the proceeds thereof procured from Mrs. Wing a transfer to Laura R. Wimberly of the deed to secure the debt on which there was then a balance due by the deceased. Pending the hearing of this case and since it was set for final hearing and trial on January 10, 1921, the defendant by her attorneys advertised in the Macon Telegraph, on December 10, 1920, for sale under the power to sell in said deed, the property described therein, being the property in controversy; and unless restrained by the court, the defendant will offer the same for sale at public outcry on January 3, 1921, and thus involve plaintiffs in further litigation with other parties who may bid on the property. Plaintiffs do not know, and have no way of learning, the exact amount of money collected by the defendant on the policies of insurance; and they ask that the defendant be compelled to set out a full, itemized statement of all sums collected by her from the policies of insurance held by the deceased at her death, and the source

from which same was collected, together with copies of all policies from which she collected any money. Plaintiffs charge, on information and belief, that the aggregate sum collected by the defendant amounts to between three and four hundred dollars. The prayer in the amendment was, that the defendant, her agents, and attorneys be enjoined from offering the property for sale as advertised, and from further seeking to becloud the title to the lands in controversy; that the defendant be compelled to come to a full and complete accounting as administratrix de son tort with petitioners, for all other acts and doings in connection with the estate; and that plaintiffs have judgment against her, together with the penalties provided by law, for whatever sum may be found to be due to plaintiffs as heirs at law of the deceased.

The defendant demurred to the petition, both generally and specially. The special grounds of the demurrer were because of a misjoinder of parties plaintiff, and a misjoinder of causes of action, and because the petition is multifarious. The ninth paragraph of the original petition was specially demurred to, because the reason alleged to have been given by the defendant to the plaintiff, Sara Ann Ross, for wanting her to sign the quitclaim deed " is irrational and incapable of deceiving any one with normal intellect; . . further, that no sufficient reason is set forth excusing said plaintiff, Sara Ann Ross, from knowing the contents of said deed." Paragraph 10 was demurred to for a similar reason. The amendment to the petition was demurred to upon the ground that it set up a new cause of action, and upon the further ground that it contains a misjoinder of causes of action and a misjoinder of parties plaintiff; and also because the amendment and the prayers thereto are inconsistent with paragraph four of the original petition, which is not stricken by the amendment, which alleges that deceased left no debts against her estate except a balance of about $150 on a mortgage deed to the house and lot in controversy, which indebtedness plaintiffs allege had been paid and satisfied from funds derived from certain policies of insurance due to the estate of the deceased. The demurrers, both general and special, were overruled, and the defendant excepted.

*Walter DeFore* and *James C. Estes,* for plaintiff in error.

*J. P. Burnett* and *H. F. Strohecker,* contra.