59139. McWHORTER, LTD. et al. v. IRVIN et al.

ARGUED JANUARY 11, 1980 — DECIDED MARCH 7, 1980 —
REHEARING DENIED MARCH 20, 1980 —

*T. Jackson Bedford, Jr.,* for appellants.
*Edward L. Savell,* for appellees.

DEEN, Chief Judge.

1. The defendant has candidly admitted that the assumption language in the deed was a mistake on his part resulting from his failure to check the deed before sending it to Haley for execution. He does not deny that in a lengthy series of real estate closings taking place over a period of years Haley instructed him, and he followed the practice of avoiding any language which would result in the purchaser assuming any loan outstanding against the property. This being so, the trial court properly concluded that such action was a breach of the duty on the part of an attorney to follow his client's instructions, that it was not consistent with the required standard of care, that Haley was entitled to rely on the competence of his attorney in preparing these deeds and was therefore not contributorily negligent, and that there was an implied representation on Irvin's part in delivering the deed that it was prepared according to instructions. These findings are not seriously attacked and are here approved.

2. The trial court further stated that the judgment in favor of the defendant on the liability issue was based squarely on *Berman v. Rubin,* 138 Ga. App. 849 (227 SE2d 802) (1976) which holds that one who signs a contract without reading it is bound by the contents of the written instrument. This would certainly be true in Haley's case as against any other party to the instrument; it has been held over and over again that one who can read must do so, or suffer the consequences. But while the result may have been proper in the *Berman* case (the evidence showed that the client there carefully read over the settlement agreement in his divorce case, making changes in some parts and initialing each of the completed pages) the present case deals with a course of conduct followed for over a decade, involving scores and scores of deeds, as to which the defendant forthrightly admits his fault and its consequences to his client.

Examination of the cases where the read-or-perish rule has been applied show that many, although not all, of them note its exceptions in passing, one of the most important being where, because of a confidential or fiduciary relationship, the client has a right to rely upon his attorney and is not forced, as he would be in an adversary position, to weigh the effect of every word included in the fine print of the modern deed forms. This is because in an arms-length transaction the plaintiff's own negligence in failing to read the document constitutes contributory negligence which acts as a defense or estoppel, and the defendant must himself have acted with reasonable diligence or no equity will arise in his favor.

*Bachrodt Realty Corp. v. Walker,* 237 Ga. 696 (229 SE2d 455) (1976). This fits well with the language of *Lanning v. Sockwell,* 137 Ga. App. 479 (224 SE2d 119) (1976) holding that *unless there is an equitable exception* one is responsible for what he signs. Where the right to rely on the judgment of another is clear, the equities shift. Thus, in *Conklin v. Liberty Mutual Ins. Co.,* 240 Ga. 58, 59 (239 SE2d 381) (1977) the rule was held to apply against an opposite party "with whom there exists no fiduciary or confidential relation." In *Cochran v. Murrah,* 235 Ga. 304, 305 (219 SE2d 421) (1975) the court, summarizing the exceptions to the rule, stated in part: "The rule in this state is that where one who can read signs a contract without reading it, he is bound by the terms thereof, unless he can show . . . that a fiduciary or confidential relationship existed between the parties upon which he relied in not reading the contract." We find the same language in *Mullinax v. Shaw,* 143 Ga. App. 657, 659 (239 SE2d 547) (1977); *American Sec. Van Lines v. Amoco Oil Co.,* 133 Ga. App. 368 (210 SE2d 832) (1974); *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164) (1942). The rule has been recognized from the beginning. The case of *Wimberly v. Ross,* 152 Ga. 258 (109 SE 500) (1940) held that a petition seeking to set aside a deed which the plaintiff had not read set out a cause of action, and that was distinguished in *Lewis v. Foy,* 189 Ga. 596, 599 (6 SE2d 788) (1940) which followed the general rule on the ground that the action in *Wimberly* was between sisters, who sustained a confidential relationship, whereas the parties in *Lewis* had no such right to rely on the statements of the opposite party. This is different from a case where, because of the attorney-client relationship combined with a course of dealing including preparation of over a hundred similar deeds for real estate closings, a jury might well find that the plaintiff had a reasonable expectation that his legal interest would be preserved and his instructions followed, even though he failed to flyspeck all the small print in the deed delivered for his signature by his own attorney.

The trial court properly held that the plaintiff was entitled to rely on the competence of his attorney in these circumstances. This being so, we disagree with the court's holding, in the fourth conclusion of law, that under *Berman v. Rubin,* 138 Ga. App. 849, supra, the plaintiff had a duty to read the deed and accordingly cannot recover. We do not, however, consider it necessary to overrule *Berman* in order to reach this conclusion, since the factual situations are entirely different, and *Berman* recognizes that "the attorney may well be liable for negligence, notwithstanding the fact that his client read what was drafted."

The trial court erred in holding as a matter of law that the plaintiff's failure to read bars him from recovery.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*