EMILY S. SUTTON, Plaintiff-Appellant, v. KETRA A. MYTICH, Defendant-Appellee.

Third District No. 3—89—0263

Opinion filed May 18, 1990.

Mary Lee Leahy, of Leahy Law Offices, of Springfield (Kathryn E. Eisenhart, of counsel), for appellant.

Paul C. Estes, of Thomas & Hinshaw, Culbertson, of Peoria, and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Nancy G. Lischer, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This cause is alleged legal malpractice. The case is before us on a dismissal with prejudice of plaintiff's original complaint pursuant to defendant's motion to dismiss. The threshold question is whether the action is barred by the five-year statute of limitations applicable to attorney malpractice claims. If plaintiff's action is not completely barred by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 12—205), then there is an issue of whether the averments of damage in the original complaint suffice to state a cause of action. The complaint of plaintiff, Emily S. Sutton, is the source of the facts deemed true for purposes of this appeal.

Emily and Robert Sutton were married in 1942, separated about October 1, 1981, and a week later, Emily and Robert signed a one-page agreement whereby Emily would receive half of Robert's pension check plus $416 per month for travel. From these funds, Emily would pay her own expenses, the real estate taxes, utilities and related expenses on a jointly owned home in Peoria, as well as her medical expenses not covered by a Caterpillar plan. Robert kept the other half of his pension check, his social security benefits and some unidentified common stocks. Robert agreed to name Emily as the beneficiary under his will, as well as the beneficiary on his insurance policies. Any change required the consent of both parties.

On October 16, 1981, a more formal, two-page agreement was made; it continued the same arrangement for living expenses, noted that each of the parties had an auto, and provided that Emily would continue to occupy the residence through the end of the year 1982. Robert would continue his life insurance policies in force, with Emily as beneficiary.

About September of 1982, Emily employed Ketra A. Mytich, the defendant, to commence an action for legal separation. Defendant, among other things, served interrogatories upon Robert, seeking information concerning his assets. By June of 1983, an oral agreement had been reached between Robert and Emily, probably via their counsel. Defendant prepared a proposed separation agreement and, about July 11, 1983, Emily informed defendant she would not sign that document until all marital assets were accounted for, or until a more equitable division was made. Plaintiff did sign the document at defendant's of-

fice on July 22, 1983, after defendant allegedly represented to plaintiff that the instrument had been revised. Between July 22, 1983, and August 3, 1983, plaintiff allegedly discovered no revisions were made and asked defendant not to proceed to judgment. Defendant drafted the judgment of legal separation entered August 3, 1983. This suit was filed August 3, 1988. Defendant is charged with failing to complete discovery, advising plaintiff to sign the above agreement knowing that substantial marital assets were undiscovered and proceeding to judgment against the wishes or instructions of her client, the plaintiff. Plaintiff sought damages for her claimed loss of a proper share of marital property.

The agreement signed by Emily on July 22, 1983, and incorporated in the judgment entered August 3, 1983, recites the marriage and separation of the parties, the employment of counsel by each party, that Emily now lived in a different house in Peoria which she owned subject to a small mortgage, that she had furniture and an auto of her own, as well as one half of the net proceeds from the prior marital residence. Additionally, upon entry of judgment, Emily was to receive a cash payment of $18,253.50. The husband retained furniture, an auto, half of the prior marital residence, 1,553 shares of common stock of Caterpillar, 200 shares of common stock of Burroughs Corporation, and was responsible for the payment of certain debts. The maintenance of $1,100 per month for Emily was continued but would be adjusted upon receipt of her initial social security payment.

We note that following paragraph 4 of this agreement, there is an added hand-written provision that maintenance not go below $1,100 per month. Robert continued to be responsible for Emily's medical expenses not paid by Caterpillar. Emily waived any rights in Robert's estate. Paragraph 10 of the agreement recited that it could not be changed without the consent of both parties; the last part of the agreement includes a provision that it "shall be submitted to the court for approval. If approved, this document shall be made part of the judgment of legal separation and shall be binding unto the parties herein." The last page of the judgment includes the signatures of Robert and Emily.

▪▪▪ Initially, we note the fact that both the defendant's motion to dismiss and the trial court order granting that motion state that the motion is brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). In addition to raising the statute of limitations, the motion alleges the plaintiff has failed to state a cause of action and failed to properly allege the damages claimed. The trial court did not specify on which of these grounds it

was granting the motion. Failure to state a cause of action and properly allege damages are not arguments to be advanced through a section 2—619 motion but rather through a section 2—615 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). (*Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 510 N.E.2d 1111.) These types of "hybrid" procedures have been expressly disapproved of by the courts of this State and are to be discouraged. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605; *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 445 N.E.2d 1184; *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.) However, in the interest of judicial economy and to avoid delay in the instant case, we do not remand because of the foregoing but consider each of the issues presented.

■■■ The parties agree that the applicable statute of limitations is found in section 13—205 of the Code of Civil Procedure and that the time period is five years. A cause of action for legal malpractice arises at the time the client is injured, *i.e.*, when the attorney breaches his duty to act with due care on behalf of the client. (*Docle v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273; *Zupan v. Berman* (1986), 152 Ill. App. 3d 396, 491 N.E.2d 1349.) The "discovery" rule has been held applicable to an action for legal malpractice where the plaintiff did not discover the injury until after the statute of limitations had expired. (*Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677.) But, that rule would have no application here because there is no suggestion that the "discovery" occurred at a time so near to July of 1988 that the action should be permitted to go forward. See *Dolce*, 60 Ill. App. 3d at 129, 376 N.E.2d at 276.

Plaintiff urges that the alleged malpractice continued through August 3, 1983, hence her action is timely. In *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804, the plaintiff, an insurer, as subrogee for Home Owners Insurance, brought suit against a masonry contractor for alleged faulty construction of a chimney finished in 1967. A fire occurred in 1972 and suit was filed in 1974. Section 15 of "An Act in regard to limitations" (Ill. Rev. Stat. 1973, ch. 83, par. 16) is substantially the same as section 13—205 of the Code of Civil Procedure. The court held the 1974 tort action to be timely.

Plaintiff also cites *Starcevich v. City of Farmington*, (1982), 110 Ill. App. 3d 1074, 443 N.E.2d 737, where the court held that where a tort involves repeated injury, the statute of limitations may be treated as running from the date of the last injury or when the tortious acts cease.

■ In their briefs, the parties extensively address the question of whether the entry of a judgment was a condition precedent or a condition subsequent to enforcement of the separation agreement. During oral argument, plaintiff seemed to concede that if the agreement could have been enforced by either party without the entry of judgment, then her action was time barred. Certainly the purpose of any statute ' of limitations is to require the action to be brought within a reasonable time so that available evidence will not be impaired. The additional function of any limitations period is to discourage delay in bringing claims. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160.) It is apparent that the oral conversations between plaintiff and defendant respecting the agreement, a critical part of any evidentiary hearing, took place in July of 1983, more than five years prior to the commencement of this action.

Inquiry was made during oral argument as to the nature of the August 3, 1983, proceeding. Plaintiff suggested that both parties submitted an agreed case to the court requesting approval of the agreement and that the court simply signed the judgment presented.

However, defendant argued orally that the August 3, 1983, hearing was more formal and evidence was actually presented. From the recitals in the August 3, 1983, judgment, defendant asserts that there was an enforceable oral agreement in June of 1983, and that, therefore, no cause of action could ever be stated by plaintiff.

■ We are mindful of the circumstance that the charges against the defendant are principally attributable to the period July 11 to 22, 1983. Absent the court proceedings on August 3, 1983, any claim of plaintiff would be time barred.

Nevertheless, there were significant events in defendant's representation of plaintiff that took place on August 3, 1983. The agreement reveals that the time when plaintiff was to receive a lump sum of a little over $18,000 was upon the entry of the judgment. It is clear that there was a close relationship between the separation agreement and the approval of that arrangement in a judgment of legal separation. The contract was not enforceable until approved by the trial court. Accordingly, the statute of limitations ran from August 3, 1983. The complaint was timely filed.

■ The first point in defendant's brief in this court is that the complaint fails to state a cause of action. The law is well settled that an action of this nature may not proceed in the absence of damage. In *Zych v. Jones* (1980), 84 Ill. App. 3d 647, 406 N.E.2d 70, one issue was whether an attorney/client relationship was ever established. If so, the

defendant attorney apparently permitted a default judgment to be entered against his "client" in a case involving an automobile collision. The difficulty was that, in his action against his "lawyer," the plaintiff failed to show he had a defense in the underlying automobile case.

Here, although plaintiff's allegations generally inform defendant of the nature of her case, still, there is a failure to allege facts which, if proved, would support a damage award. Defendant cites cases such as *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 527 N.E.2d 303, and *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976. Illinois requires "fact" pleading. (*Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 518, 544 N.E.2d 733,743.) Via her reply brief, plaintiff urges that she ought to have been given leave to amend. However, no actual amendment or amended complaint was tendered, either in the circuit court or in this court. The section 2—619 order entered below dismissed the complaint with prejudice and included a finding of no just cause for delaying enforcement or appeal.

Defendant urges that a failure to read a contract may never give rise to a legal malpractice claim by a client against his drafting attorney. Defendant cites no Illinois authority, but does rely on *Berman v. Rubin* (1976), 138 Ga. App. 849, 227 S.E.2d 802.

■ As between parties, in contractional relationships, a person who deliberately signs a written agreement without awareness of his obligations is nevertheless bound. (*Black v. Wabash, St. Louis & Pacific Ry. Co.* (1884), 111 Ill. 351; *Hintz v. Lazarus* (1978), 58 Ill. App. 3d 64, 373 N.E.2d 1018.) There appears to be no Illinois authority as to whether this rule is applicable to a situation where a client relies on his attorney to advise him about the contents of a contract.

Plaintiff was granted leave after oral argument to file additional authorities. We note that the Georgia Court of Appeals has decided this question differently depending on the circumstances. Unlike the instant case, the Georgia rulings were made after evidentiary hearings. In *Berman v. Rubin* (1976), 138 Ga. App. 849, 227 S.E.2d 802, the client, a well-educated person, had not only read the agreement but had participated in the drafting and initialed changes. Summary judgment in favor of the attorney was affirmed. In *McWorter, Ltd. v. Irvin* (1980), 154 Ga. App. 89, 267 S.E.2d 630, the defendant attorney admitted to a mistake on his part in preparing a deed. The trial judge had granted judgment in favor of the attorney-defendant on the liability issue based on the earlier *Berman* decision. The Georgia Court of Appeals pointed out that a client has a right to rely upon his attorney. The relationship is not adversary; equities shift where the person has

the right to rely on the judgment of another. The judgment below was reversed without overruling *Berman* because of the difference in the factual situations; mention was made of the circumstance that the *Berman* court had recognized that an attorney might be liable for negligence even though his client did read what was drafted. *McWorter, Ltd. v. Irvin*, 154 Ga. App. at 89, 267 S.E.2d at 632.

In *Kushner v. McLarty* (1983), 165 Ga. App. 400, 300 S.E.2d 531, an action was allowed by a medical doctor against his former attorney where the underlying contractional relationship had been between a hospital and the doctor. The lower court had granted judgment in favor of the attorney-defendant, taking the case away from a jury. An appellate court had determined the underlying agreement to be unambiguous. That circumstance did not prevent the court of appeals from reversing the trial judge who had relied on the *Berman* opinion.

■ A client ordinarily relies upon the representations of his attorney. Whether the failure of a client to read a particular document necessarily defeats a malpractice action is dependent upon the particular circumstances. We express no view as to the ultimate merits of the instant case.

■ The complaint was timely filed. That part of the order of April 6, 1989, dismissing plaintiff's complaint "with prejudice," without leave to amend, is reversed. The damage allegations in plaintiff's complaint are insufficient to state a cause of action. That part of the order of April 6, 1989, dismissing plaintiff's complaint is affirmed. However, the damage allegations are subject to amendment, and plaintiff should be given leave to amend or file an amended complaint.

The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded with instructions.

HEIPLE, P.J., and STOUDER, J., concur.