ANDRA P. PALMROS, Plaintiff-Appellant, v. JOHN BARCELONA, Defendant-Appellee.

Second District    No. 2—95—1340

Opinion filed October 4, 1996.—Rehearing denied December 12, 1996.

Piccione, Keeley & Associates, Ltd., of Wheaton (John J. Piccione and Mark W. Tader, of counsel), for appellant.

644

Connelly & Schroeder, of Geneva (Daniel F. Konicek, of counsel), for appellee.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiff, Andra Palmros, the widow of Alexander Palmros II (Alexander), sued defendant, attorney John Barcelona, for malpractice in drafting and executing Alexander's will. The trial court dismissed the complaint as time-barred (see 735 ILCS 5/2—619(a)(5) (West 1994)) by section 13—214.3 of the Code of Civil Procedure (section 13—214.3) (735 ILCS 5/13—214.3 (West 1994)). On appeal, plaintiff argues that (1) her complaint was timely and, alternatively, (2) section 13—214.3 is unconstitutional. We affirm.

Alexander executed his will and an accompanying life insurance trust on August 6, 1992. He died on August 8, 1992, survived by plaintiff and the two adult children of a previous marriage (Palmros children). The will was admitted to probate, and the Palmros children contested it. On August 5, 1994, plaintiff filed this suit.

The complaint alleged the following facts. Defendant drafted and executed the will and the insurance trust, and he undertook to assure that the required legal formalities were followed so that the will and trust would be duly executed. Throughout this process, defendant acted as Alexander's attorney and agent. In employing defendant, Alexander intended that plaintiff receive the bulk of his estate and that the Palmros children receive no gift or inheritance except insofar as required by the settlement agreement incorporated into the 1981 divorce judgment. Defendant owed a duty of care to Alexander, his client, and to plaintiff, the intended beneficiary of the attorney-client relationship, in supervising the drafting and proper execution of the will and the trust. However, defendant breached this duty. As a result, the Palmros children filed two suits contesting the validity of the will and the trust, making plaintiff a defendant in each case. Plaintiff had suffered or would suffer two types of damages: (1) the attorney fees she spent to defend the will contests; and (2) any loss that would result if the court ultimately invalidated the will or the trust.

Defendant moved to dismiss the suit. He argued it was untimely under section 13—214.3, which, as then in effect, stated in relevant part:

"(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

(d) *When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975* [(755 ILCS 5/1—1 *et seq.* (West 1994))]." (Emphasis added.) 735 ILCS 5/13—214.3 (West 1994).

Defendant asserted (with supporting documentation) that the will was admitted to probate on June 16, 1993, and that public notice had already been given that claims against the estate had to be filed six months from December 10, 1992, the date notice was first given. Under section 8—1 of the Probate Act of 1975 (755 ILCS 5/8—1 (West 1992)), a petition to contest the validity of a will had to be filed within six months of the admission of the will to probate. Thus, according to defendant, section 13—214.3(d) required plaintiff to file her suit by December 16, 1993.

The trial court agreed, dismissed the complaint, and denied plaintiff's motion to reconsider. On appeal, she argues primarily that section 13—214.3(d) does not apply here because the injury for which she seeks redress occurred either before the death of Alexander (in which case the two-year limitations period of section 13—214.3(b) applies) or only after the will was invalidated (in which case the complaint was premature). We disagree. We hold that plaintiff's cause of action accrued when she incurred attorney fees to defend the Palmros children's petition to contest the will. Because her injury occurred after the death of Alexander, section 13—214.3(d)'s special limitations period bars this suit.

■ Plaintiff has moved to supplement the record on appeal with copies of (a) the Palmros children's petition to contest the will; (b) defendant's motion to dismiss part of a malpractice suit the Palmros children brought against him; and (c) an order dismissing, with leave to amend, one count of the Palmros children's petition contesting the will. The Palmros children's petition is already in the record; in this respect, the motion is moot. The remaining documents were not before the trial court. A reviewing court will not consider evidence not before the trial court. *Logan v. Old Enterprise Farms, Ltd.*, 139 Ill. 2d 229, 237 (1990); *Prochnow v. El Paso Golf Club, Inc.*, 253 Ill.

App. 3d 387, 392 (1993). We deny the motion to supplement the record with these items.

. Defendant has moved to strike those portions of plaintiff's brief that he claims raises issues that plaintiff did not present at the trial level. We deny the motion as it raises proper grounds for affirmance but not for striking parts of plaintiff's brief.

Whether plaintiff's suit is timely depends on whether section 13—214.3(d) applies here. Plaintiff filed her complaint well after the time for bringing either will contests or claims against the estate. Section 13—214.3(d) applies if the "injury" plaintiff allegedly suffered from defendant's malpractice did not occur until after Alexander's death. We believe plaintiff suffered her injury when she began to incur the attorney fees in the will contests. At this point, and no earlier, her cause of action for attorney malpractice accrued.

■ ■ Plaintiff asserts that "injury" as used in the statute is synonymous with damages. We agree. A cause of action for attorney malpractice requires an attorney-client relationship, a duty arising from that relationship, a breach of that duty, and actual damages or "injury" proximately caused by that breach. *Goran v. Glieberman*, 276 Ill. App. 3d 590, 593 (1995); *Austin's Rack, Inc. v. Gordon & Glickson, P.C.*, 145 Ill. App. 3d 500, 503 (1986); *Bartholomew v. Crockett*, 131 Ill. App. 3d 456, 465 (1985). Actual damages are an essential element of a cause of action for attorney malpractice; with no damages, no cause of action has accrued. *Bartholomew*, 131 Ill. App. 3d at 465-66.

It follows that there can be no "injury for which damages are sought" (735 ILCS 5/13—214.3(b) (West 1994)) until a plaintiff has suffered a loss. As the statute implies, the "injury" is not the negligent act itself; it is something "caused by the [negligent] act or omission" (735 ILCS 5/13—214.3(d) (West 1994)), *viz.*, a loss for which the plaintiff may seek damages. This is consistent with the case law making damages an element of a cause of action.

One opinion states that the "injury" that triggers the statute of limitations is the attorney's breach of his duty of due care. *Sutton v. Mytich*, 197 Ill. App. 3d 672, 676 (1990). However, *Sutton*'s holding follows the rule we have set out. In *Sutton*, the defendant negligently drafted a marital separation agreement for the plaintiff, but the court held that the statute of limitations started only after the trial court in the marriage dissolution proceeding made the agreement enforceable by approving it. *Sutton*, 197 Ill. App. 3d at 677. In any event, *Sutton* was not based on section 13—214.3, and, to the extent it is inconsistent with later cases, we elect not to follow it. We do not believe that the limitations period can start before all the elements

of a cause of action are present. Therefore, we reject any suggestion that the negligent act itself starts the limitations period running.

■ Thus, when plaintiff incurred damages as a proximate result of defendant's alleged negligence becomes the decisive question. We believe plaintiff has supplied a clear answer. Her complaint alleges that, as a proximate result of defendant's mistakes, she incurred attorney fees in defending the Palmros children's challenge to the will. Of course, the Palmros children did not contest the will until after Alexander died. Therefore, plaintiff's injury did not occur until the death of the person for whom defendant rendered his services, and the shortened limitations period of section 13—214.3(d) applies.

Attorney fees incurred as a proximate result of a lawyer's malpractice are damages that make a cause of action complete and thus may start the running of the limitations period. In *Goran*, which applied the two-year limitations period of section 13—214.3(b), the plaintiff alleged that the defendant's negligence in bringing her appeal from a dissolution of marriage judgment forced her to hire new counsel to redo the defendant's brief and the record on appeal so they complied with court rules. The appellate court held that the plaintiff's cause of action accrued when she incurred fees to bring the defective briefs into compliance with the rules. These attorney fees proximately resulted from the defendant's negligence and put the plaintiff on notice that she had a cause of action. *Goran*, 276 Ill. App. 3d at 596.

Plaintiff argues that it would be unfair to apply section 13—214.3(d) here, as she could have discovered her injury only after the court in the underlying proceeding invalidated the will. We disagree. As the complaint itself asserts, plaintiff's attorney fees to defend the will contests resulted from defendant's alleged negligent acts. The situation here is analogous to that in *Goran*, where the plaintiff's injury arose (at least in part) even before her appeal was decided. As *Goran* observed, damages are speculative only if their existence itself is uncertain and not if their exact amount is uncertain or yet to be fully determined. *Goran*, 276 Ill. App. 3d at 595. No unfairness results from starting the limitations period at the point where plaintiff first suffered damages, as plaintiff was not deprived of a reasonable time in which to sue. The Palmros children filed their actions a few days before the admission of the will to probate, leaving approximately six months until the limitations period expired.

■ Plaintiff posits another reason section 13—214.3(d) does not apply here. She states that the circuit court eventually invalidated Alexander's will, and, thus, the will was never admitted to probate. Aside from relying on facts outside the record, this argument is

without merit. The order admitting the will to probate is separate from any later will contest. Section 13—214.3(d) recognizes this distinction and requires only that the will be admitted to probate for the special limitations period to begin. What happens after the will is admitted to probate is another matter and does not affect the entry of the order.

We hold that the trial court was correct in finding that the complaint was not filed in time and must be dismissed. Although we do not accept all the trial court's reasoning, we may affirm the judgment on any basis called for by the record. *In re Marriage of Sanda,* 245 Ill. App. 3d 314, 320-21 (1993).

■ Plaintiff also argues that section 13—214.3(d) violates equal protection and due process. The trial court refused to consider this argument because plaintiff did not raise it until her motion to reconsider. See *Gardner v. Navistar International Transportation Corp.,* 213 Ill. App. 3d 242, 248 (1991); *Kaiser v. MEPC American Properties, Inc.,* 164 Ill. App. 3d 978, 987 (1987). The trial court's action was proper, and we do not consider plaintiff's constitutional argument either. Moreover, on appeal, plaintiff has supported her argument with only cursory analysis and tangentially relevant authority. Arguments presented only inadequately on appeal are waived, and we need not reach them. *Poplar Grove State Bank v. Powers,* 218 Ill. App. 3d 509, 517 (1991). Also waived is plaintiff's argument that defendant is equitably estopped from invoking the limitations period. Plaintiff did not raise this theory at all at the trial level, and thus defendant could not introduce evidence to refute it. Here, her argument is one general paragraph with no discussion of pertinent authority. As the equitable estoppel issue has not been presented properly either at the trial level or here, we decline to consider it.

The judgment of the circuit court of Kendall County is affirmed.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.