No. 2--95--1340

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

ANDRA P. PALMROS,                    )  Appeal from the Circuit Court

                                     )  of Kendall County.

     Plaintiff-Appellant,            )

                                     )

     v.                              )  No. 94--L--46

                                     )

JOHN BARCELONA,                      )  Honorable

                                     )  Grant S. Wegner,    

     Defendant-Appellee.             )  Judge, Presiding.

_________________________________________________________________

     JUSTICE RATHJE delivered the opinion of the court:

     Plaintiff, Andra Palmros, sued defendant, attorney John

Barcelona, for malpractice in drafting and executing the will of

her former husband, Alexander Palmros II (Alexander).  The trial

court dismissed the complaint as time barred (see 735 ILCS 5/2--

619(a)(5)(West 1994)) by section 13--214.3 of the Code of Civil

Procedure (section 13--214.3) (735 ILCS 5/13--214.3 (West 1994)). 

On appeal, plaintiff argues that (1) her complaint was timely; and

alternatively (2) section 13--214.3 is unconstitutional.  We

affirm.

     Plaintiff and Alexander were divorced in 1981.  Alexander

executed his will and an accompanying life insurance trust on

August 6, 1992.  He died on August 8, 1992, survived by plaintiff

and the two adult children of their marriage.  The will was

admitted to probate, and the Palmros children contested it.  On

August 5, 1994, plaintiff filed this suit.

     The complaint alleged the following facts.  Defendant drafted

and executed the will and the insurance trust, and he undertook to

assure that the required legal formalities were followed so that

the will and trust would be duly executed.  Throughout this

process, defendant acted as Alexander's attorney and agent.  In

employing defendant, Alexander intended that plaintiff receive the

bulk of his estate and that the Palmros children receive no gift or

inheritance except insofar as required by the settlement agreement

incorporated into the 1981 divorce judgment.  Defendant owed a duty

of care to Alexander, his client, and to plaintiff, the intended

beneficiary of the attorney-client relationship, in supervising the

drafting and proper execution of the will and the trust.  However,

defendant breached this duty.  As a result, the Palmros children

filed two suits contesting the validity of the will and the trust,

making plaintiff a defendant in each case.  Plaintiff had suffered

or would suffer two types of damages:  (1) the attorney fees she

spent to defend the will contests; and (2) any loss that would

result if the court ultimately invalidated the will or the trust. 

     Defendant moved to dismiss the suit.  He argued it was

untimely under section 13--214.3, which, as then in effect, stated

in relevant part:

          "(b) An action for damages based on tort, contract, or

     otherwise (i) against an attorney arising out of an act or

     omission in the performance of professional services *** must

     be commenced within 2 years from the time the person bringing

     the action knew or reasonably should have known of the injury

     for which damages are sought."

          (c) Except as provided in subsection (d), an action

     described in subsection (b) may not be commenced in any event

     more than 6 years after the date on which the act or omission

     occurred.

          (d)  When the injury caused by the act or omission does

     not occur until the death of the person for whom the

     professional services were rendered, the action may be

     commenced within 2 years after the date of the person's death

     unless letters of office are issued or the person's will is

     admitted to probate within that 2 year period, in which case

     the action must be commenced within the time for filing claims

     against the estate or a petition contesting the validity of

     the will of the deceased person, whichever is later, as

     provided in the Probate Act of 1975 [755 ILCS 5/1--1 et seq.

     (West 1994)]."  (Emphasis added.)  735 ILCS 5/13--214.3 (West

     1994).

     Defendant asserted (with supporting documentation) that the

will was admitted to probate on June 16, 1993, and that public

notice had already been given that claims against the estate had to

be filed six months from December 10, 1992, the date notice was

first given.  Under section 8--1 of the Probate Act of 1975 (755

ILCS 5/8--1 (West 1992)), a petition to contest the validity of a

will had to be filed within six months of the admission of the will

to probate.  Thus, according to defendant, section 13--214.3(d)

required plaintiff to file her suit by December 16, 1993.

     The trial court agreed, dismissed the complaint, and denied

plaintiff's motion to reconsider.  On appeal, she argues primarily

that section 13--214.3(d) does not apply here because the injury

for which she seeks redress occurred either before the death of

Alexander (in which case the two-year limitation period of section

13--214.3(b) applies) or only after the will was invalidated (in

which case the complaint was premature).  We disagree.  We hold

that plaintiff's cause of action accrued when she incurred attorney

fees to defend the Palmros children's petition to contest the will. 

Because her injury occurred after the death of Alexander, section

13--214.3(d)'s special limitation period bars this suit.

     Plaintiff has moved to supplement the record on appeal with

copies of (a) the Palmros children's petition to contest the will;

(b) defendant's motion to dismiss part of a malpractice suit the

Palmros children brought against him; and (c) an order dismissing,

with leave to amend, one count of the Palmros children's petition

contesting the will.  The Palmros children's petition is already in

the record; in this respect, the motion is moot.  The remaining

documents were not before the trial court.  A reviewing court will

not consider evidence not before the trial court.  Logan v. Old

Enterprise Farms, Ltd., 139 Ill. 2d 299, 237 (1990); Prochnow v. El

Paso Golf Club, Inc., 253 Ill. App. 3d 387, 392 (1992).  We deny

the motion to supplement the record with these items.

     Defendant has moved to strike those portions of plaintiff's

brief that he claims raises issues that plaintiff did not present

at the trial level.  We deny the motion as it raises proper grounds

for affirmance but not for striking parts of plaintiff's brief.

     Whether plaintiff's suit is timely depends on whether section

13--214.3(d) applies here.  Plaintiff filed her complaint well

after either the time for bringing will contests or claims against

the estate.  Section 13--214.3(d) applies if the "injury" plaintiff

allegedly suffered from defendant's malpractice did not occur until

after Alexander's death.  We believe plaintiff suffered her injury

when she began to incur the attorney fees in the will contests.  At

this point, and no earlier, her cause of action for attorney

malpractice accrued.

     Plaintiff asserts that "injury" as used in the statute is

synonymous with damages.  We agree.  A cause of action for attorney

malpractice requires an attorney-client relationship, a duty

arising from that relationship, a breach of that duty, and actual

damages or "injury" proximately caused by that breach.  Goran v.

Glieberman, 276 Ill. App. 3d 590, 593 (1995); Austin's Rack, Inc.

v. Gordon & Glickson, P.C., 145 Ill. App. 3d 500, 503 (1986);

Bartholomew v. Crockett, 131 Ill. App. 3d 456, 465 (1985).  Actual

damages are an essential element of a cause of action for attorney

malpractice; with no damages, no cause of action has accrued. 

Bartholomew, 131 Ill. App. 3d at 465-66.

     It follows that there can be no "injury for which damages are

sought" (735 ILCS 5/13--214.3(b) (West 1994)) until a plaintiff has

suffered a loss.  As the statute implies, the "injury" is not the

negligent act itself; it is something "caused by the [negligent]

act or omission" (735 ILCS 5/13--214.3(d) (West 1994)), viz., a

loss for which the plaintiff may seek damages.  This is consistent

with the case law making damages an element of a cause of action.

     One opinion states that the "injury" that triggers the statute

of limitations is the attorney's breach of his duty of due care. 

Sutton v. Mytich, 197 Ill. App. 3d 672, 676 (1990).  However,

Sutton's holding follows the rule we have set out.  In Sutton, the

defendant negligently drafted a marital separation agreement for

the plaintiff, but the court held that the statute of limitations

started only after the trial court in the marriage dissolution

proceeding made the agreement enforceable by approving it.  Sutton,

197 Ill. App. 3d at 677.  In any event, Sutton was not based on

section 13--214.3, and, to the extent it is inconsistent with later

cases, we elect not to follow it.  We do not believe that the

limitation period can start before all the elements of a cause of

action are present.  Therefore, we reject any suggestion that the

negligent act itself starts the limitation period running.

     Thus, when plaintiff incurred damages as a proximate result of

defendant's alleged negligence becomes the decisive question.  We

believe plaintiff has supplied a clear answer.  Her complaint

alleges that, as a proximate result of defendant's mistakes, she

incurred attorney fees in defending the Palmros children's

challenge to the will.  Of course, the Palmros children did not

contest the will until after Alexander died.  Therefore,

plaintiff's injury did not occur until the death of the person for

whom defendant rendered his services, and the shortened limitation

period of section 13-214.3(d) applies.

     Attorney fees incurred as a proximate result of a lawyer's

malpractice are damages that make a cause of action complete and

thus may start the running of the limitation period.  In Goran,

which applied the two-year limitation period of section 13-

214.3(b), the plaintiff alleged that the defendant's negligence in

bringing her appeal from a dissolution of marriage judgment forced

her to hire new counsel to redo the defendant's brief and the

record on appeal so they complied with court rules.  The appellate

court held that the plaintiff's cause of action accrued when she

incurred fees to bring the defective briefs into compliance with

the rules.  These attorney fees proximately resulted from the

defendant's negligence and put the plaintiff on notice that she had

a cause of action.  Goran, 276 Ill. App. 3d at 596.

     Plaintiff argues that it would be unfair to apply section 13--

214.3(d) here, as she could have discovered her injury only after

the court in the underlying proceeding invalidated the will.  We

disagree.  As the complaint itself asserts, plaintiff's attorney

fees to defend the will contests resulted from defendant's alleged

negligent acts.  The situation here is analogous to that in Goran,

where the plaintiff's injury arose (at least in part) even before

her appeal was decided.  As Goran observed, damages are speculative

only if their existence itself is uncertain and not if their exact

amount is uncertain or yet to be fully determined.  Goran, 276 Ill.

App. 3d at 595.  No unfairness results from starting the limitation

period at the point where plaintiff first suffered damages, as

plaintiff was not deprived of a reasonable time in which to sue. 

The Palmros children filed their actions a few days before the

admission of the will to probate, leaving approximately six months

until the limitation period expired.

     Plaintiff posits another reason section 13--214.3(d) does not

apply here.  She states that the circuit court eventually

invalidated Alexander's will, and, thus, the will was never

admitted to probate.  Aside from relying on facts outside the

record, this argument is without merit.  The order admitting the

will to probate is separate from any later will contest.  Section

13--214.3(d) recognizes this distinction and requires only that the

will be admitted to probate for the special limitation period to

begin.  What happens after the will is admitted to probate is

another matter and does not affect the entry of the order.

     We hold that the trial court was correct in finding that the

complaint was not filed in time and must be dismissed.  Although we

do not accept all the trial court's reasoning, we may affirm the

judgment on any basis called for by the record.  In re Marriage of

Sanda, 245 Ill. App. 3d 314, 320-21 (1993).

     Plaintiff also argues that section 13--214.3(d) violates equal

protection and due process.  The trial court refused to consider

this argument because plaintiff did not raise it until her motion

to reconsider.  See Gardner v. Navistar International

Transportation Corp., 213 Ill. App. 3d 242, 248 (1991); Kaiser v.

MEPC American Properties, Inc., 164 Ill. App. 3d 978, 987 (1987). 

The trial court's action was proper, and we do not consider

plaintiff's constitutional argument either.  Moreover, on appeal,

plaintiff has supported her argument with only cursory analysis and

tangentially relevant authority.  Arguments presented only

inadequately on appeal are waived, and we need not reach them. 

Poplar Grove State Bank v. Powers, 218 Ill. App. 3d 509, 517

(1991).  Also waived is plaintiff's argument that defendant is

equitably estopped to invoke the limitation period.  Plaintiff did

not raise this theory at all at the trial level, and thus defendant

could not introduce evidence to refute it.  Here, her argument is

one general paragraph with no discussion of pertinent authority. 

As the equitable estoppel issue has not been presented properly

either at the trial level or here, we decline to consider it.

     The judgment of the circuit court of Kendall County is

affirmed.

     Affirmed.

     GEIGER and HUTCHINSON, JJ., concur.