### A10A0091. JENKINS v. PIERCE et al.
(697 SE2d 286)

SMITH, Presiding Judge.

Martha Jenkins appeals from the trial court's order granting summary judgment in favor of Brian Pierce and Brian Pierce, P.C. (collectively "Pierce"). Jenkins sued Pierce for "fraud, gross negligence, misrepresentation, dishonesty, malpractice, breach of fiduciary duty, and deceit" in connection with the closing of a real estate loan and the preparation of a quitclaim deed and a living will. Jenkins contends the trial court erred by concluding that her cause of action against Pierce was barred by the principle of Georgia law that "a party to a contract who can read, must read or show a legal excuse for not doing so, and [where fraud is alleged as] an excuse, it must be such fraud as would prevent the party from reading the contract." See *Parrish v. Jones, P.C.*, 278 Ga. App. 645, 648-649 (2) (a) (629 SE2d 468) (2006). Jenkins argues that this rule does not apply where a confidential relationship exists and upon which a party relies in not reading the contract. See *McWhorter Ltd. v. Irvin*, 154 Ga. App. 89, 91 (2) (267 SE2d 630) (1980). Because there are genuine issues of material fact as to the existence of a confidential attorney-client relationship between Pierce and Jenkins at the time the loan documents were signed, we agree and reverse.

> On appeal from the grant of summary judgment this [c]ourt conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Cox Enterprises v. Nix*, 274 Ga. 801, 804 (2) (560 SE2d 650) (2002). The record shows that Jenkins filed a verified complaint against Pierce in which she asserted that after her husband of 38 years died on April 24, 2007, her relatives advised her that she needed a will. According to Jenkins, her relatives took her to Pierce's office only two times, once in June 2007 and once in July 2007. She claims that on both occasions she thought she was signing documents relating to her will. She claimed that she did not knowingly sign closing documents for a loan on her property,

a quitclaim deed giving an interest in her property to the relatives who brought her to Pierce's office, or a living will. She denied applying for a loan secured by her home.

The record includes the following documents allegedly signed by Jenkins: a last will and testament dated June 19, 2007; a security deed dated July 26, 2007; a quitclaim deed dated August 2, 2007 giving her relative who took her to Pierce's office a joint tenancy interest in her property; a codicil dated August 24, 2007 revoking a $2,000 bequest to someone other than the relative who took her to Pierce's office; and a copy of a $69,000 check drawn from Pierce's trust account on July 31, 2007 made payable to Jenkins. Jenkins denies going to Pierce's office on August 24, 2007. She also denies all knowledge of and endorsing the $69,000 check.

These facts demonstrate a genuine issue of material fact as to the existence of a confidential attorney-client relationship between Pierce and Jenkins at the time the loan documents were signed. There is no dispute that Pierce represented Jenkins in connection with a will six weeks before the loan closing documents were signed. According to Jenkins, she also executed documents prepared for her personally (living will, codicil, and a quitclaim deed) at the same time she signed the loan closing documents in Pierce's office. This evidence demonstrates a genuine issue of material fact about the existence of a confidential relationship between Pierce and Jenkins that Jenkins may have relied upon in not reading the documents. See *McWhorter*, supra, 154 Ga. App. at 91 (2). The trial court, therefore, erred by granting summary judgment in favor of Pierce based solely upon Jenkins' failure to read the documents.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 25, 2010

*Simmons & Simmons, Annie R. Simmons*, for appellant.
*Steven D. Barnhart, Christopher J. McFadden*, for appellees.