In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-2887

LINDA S. BERGAL,

*Plaintiff-Appellant,*

*v.*

BEN M. ROTH, *et al.*,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-cv-03562 — **Manish S. Shah**, *Judge*.

———————————

ARGUED APRIL 15, 2021 — DECIDED JULY 1, 2021

———————————

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Plaintiff Linda Bergal brought this malpractice case against her attorney Ben Roth, his law firm, and accountant Joseph Sanders. She alleges the defendants duped her into disclaiming a $1.5 million mutual fund account owned by her late husband, Dr. Milton Bergal. The district court dismissed Linda's claims as barred under the doctrine of issue preclusion (collateral estoppel) based on

a state-court judgment that she obtained her claim on the account through undue influence. We affirm.

I.   *Factual and Procedural Background*

We review de novo the district court's dismissal on the pleadings under Federal Rule of Civil Procedure 12(c), treating plaintiff's factual allegations as true and viewing the pleadings in the light reasonably most favorable to the plaintiff. *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). Linda (we use first names because several Bergals are at the center of the case) alleges that in 2009, she and her husband Milton set up an estate plan with the help of attorney Roth. Under the plan, Milton created a trust and designated himself as sole trustee. Upon his death, his wife Linda and his accountant, defendant Joseph Sanders, would become co-trustees. One of Milton's assets was a $1.5 million mutual fund account with Vanguard. Before his death, Milton changed the designation on the Vanguard account so that it would not fund his trust but be transferred on death directly to Linda as the sole primary beneficiary. He changed other accounts too, switching their designations for transfer on death from the trust to Linda.

Milton died in 2016. A few weeks later, Linda met with Roth, Sanders, and Milton's son, David Bergal, to discuss the estate. Linda was under the impression that Roth was still her attorney. Roth and Sanders convinced Linda to waive her rights as co-trustee and to disclaim her interest in the Vanguard account by suggesting that she had acquired these interests through wrongdoing. Roth then transferred the disclaimed Vanguard account directly to David instead of to the trust. He sent David an email saying: "We had Linda disclaim and all the remaining form (sic) needed to be sent in were

forwarded to you. That account is about $1,500,000.00 and I assume you have completed the liquidation process and those funds are in your possession." Months later, attorney Roth sent the following email to accountant Sanders: "I was happy we were able to transfer the $1,500,000 to David prior to the lawsuit being filed, at least everybody is funded and can move forward."

In February 2017, David filed suit against Linda in an Indiana state court alleging that she exerted undue influence on Milton and that the trust was the proper owner of certain assets Milton had transferred to Linda. The case went to trial, and the jury found that Linda had illegally obtained assets (including the Vanguard account) through undue influence. The Indiana court issued a judgment ordering her, among other things, to restore the Vanguard account to the trust.

The Indiana Court of Appeals affirmed all aspects of the trial court's order, except regarding a separate retirement account unrelated to this case. *Bergal v. Bergal*, 153 N.E.3d 243 (Ind. App. 2020). Notably, as to the $1.5 million Vanguard account, the appellate court clarified that if it is already in David's possession, Linda does not need to take any further action to restore it:

> To the extent that Linda points out that she has already disclaimed the Vanguard TOD [transfer on death] account, we note that this is for the trial court to evaluate following her accounting. Obviously, if she has already disclaimed this account and if it is now owned by David, Linda need take no further action regarding this Asset.

*Id.* at 262 n.23. No further review is pending in the state courts. The Indiana Supreme Court denied transfer on March 4, 2021. *Bergal v. Bergal*, 166 N.E.3d 904 (Ind. 2021).

In the meantime, though, on May 18, 2018, Linda had filed this case in federal court in Illinois invoking diversity jurisdiction under 28 U.S.C. § 1332. The operative complaint asserts legal malpractice claims against Roth and his law firm, Roetzel & Andress, LPA, and a professional malpractice claim against accountant Sanders. The complaint also alleges common-law fraud and conspiracy against Roth and Sanders. These claims present two core theories of liability. First, Linda asserts that Roth and Sanders committed malpractice and fraud by duping her into disclaiming certain assets, including the Vanguard account. Second, Linda argues that even if Roth did not commit malpractice by advising her to give up the Vanguard account, he did so by transferring the account to David rather than the trust. The logic behind this second theory is that, by transferring the account to David, Roth compounded Linda's liability in the Indiana case because the court ordered her to restore the account to the trust even though she had already disclaimed it. The only reason the Vanguard account is not already in the trust, she says, is because Roth negligently transferred it to David instead.

The district court granted judgment on the pleadings, holding that issue preclusion based on the Indiana judgment foreclosed all of Linda's claims because the Indiana jury's finding of undue influence showed that Roth and Sanders's advice to disclaim her illegally obtained interests was neither negligent nor fraudulent.

II. *Analysis*

We agree with the district court that the Indiana judgment forecloses Linda's claims of malpractice and fraud against the defendants. "The effect of a judgment in subsequent litigation is determined by the law of the jurisdiction that rendered the judgment." *In re Catt*, 368 F.3d 789, 790–91 (7th Cir. 2004), citing 28 U.S.C. § 1738. Here, an Indiana court rendered a judgment against Linda after a jury found that she had illegally acquired estate interests by exerting undue influence over Milton. That finding is now final because the Indiana Court of Appeals did not disturb it and the Indiana Supreme Court denied transfer. *Bergal*, 153 N.E.3d at 247, transfer denied, 166 N.E.3d 904. Moreover, on appeal, the Indiana Court of Appeals further clarified that, under the trial court's judgment, "if [Linda] has already disclaimed this [Vanguard TOD] account and if it is now owned by David, Linda need take no further action regarding this Asset." *Id.* at 262 n.23. Accordingly, Linda cannot relitigate these issues here because they were necessarily decided against her in the Indiana case. See *Sullivan v. American Cas. Co. of Reading*, 605 N.E.2d 134, 137 (Ind. 1992) (elements of issue preclusion under Indiana law). These issues decided in the Indiana litigation foreclose both of Linda's theories of liability in this case.

First, given the finding of undue influence, the defendants clearly did not commit malpractice or fraud in advising Linda to disclaim the property she had obtained illegally. This was not malpractice but sound advice. Better to return the property promptly and voluntarily rather than fight through costly litigation that the client will lose.

Linda asks us to draw a different inference about the real intent behind defendants' advice. For support, she points to

the email in which Roth told Sanders he "was happy we were able to transfer the $1,500,000 to David prior to the lawsuit being filed, at least everybody is funded and can move forward." Linda says this email shows the defendants' intent was not to persuade her to return ill-gotten gains but to pressure her to disclaim the accounts in order to fund themselves and David in future litigation against her. Absent the Indiana judgment, perhaps we might be able to give Linda the benefit of that inference at the pleading stage. But given the jury's finding that Linda illegally obtained her interests through undue influence, any claim premised on the theory that she should have retained the Vanguard account must fail. As the district court correctly concluded, the finding of undue influence forecloses Linda's theory that the defendants committed malpractice and fraud by tricking her to disclaim assets to serve their own interests.

Second, the Indiana Court of Appeals also definitively foreclosed Linda's second theory of malpractice—that Roth added to her supposed injury by transferring the Vanguard account to David instead of the trust. Linda says she is worried that she has been ordered to transfer the account to the trust and that now she might be held liable for failing to comply because she no longer controls the account. However improbable that might have seemed earlier, the Indiana Court of Appeals made it impossible, explaining that if David already has the account, then Linda "need take no further action regarding this Asset." *Bergal*, 153 N.E.3d at 262 n.23. So even if Roth erred by transferring the account to David instead of to the trust of which he is the beneficiary, that decision could not cause Linda any injury, which is a necessary element of a legal malpractice claim. See *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 307, 837 N.E.2d

99, 107 (2005) ("The existence of actual damages is … essential to a viable cause of action for legal malpractice."), citing *Palmros v. Barcelona*, 672 N.E.2d 1245, 1247 (Ill. App. 1996).[1]

Because the Indiana judgment against the plaintiff forecloses both of plaintiff's theories of liability, we AFFIRM the judgment of the district court.

---

[1] At oral argument, Linda's counsel tried to spin a new theory of damages—that Linda was forced to pay for her defense in the Indiana case only because David was able to fund his pursuit of the case using the Vanguard account that should have been transferred to the trust instead. This is a troubling theory, built on the assumption that a party who won his case would not have been able to win it without money. Whatever weight this odd argument might deserve, it was forfeited because it was not squarely raised until oral argument and, at best, was first hinted at in the plaintiff's reply brief. See *Wonsey v. City of Chicago*, 940 F.3d 394, 398–99 (7th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are waived. The same goes for arguments not raised until oral argument.") (citations omitted).